PEOPLE *v.* REETZ.

<div style="float:right">

127      87
s86NW 396
a188US 505
a23SC 390

</div>

CONSTITUTIONAL LAW — EXAMINATION OF PHYSICIANS — POLICE POWER.

*Under the police power inherent in the State, the legislature may enact reasonable regulations for the examination and registration of physicians, and the practice of medicine and surgery.[1]

Exceptions before judgment from Muskegon; Russell, J. Submitted May 7, 1901. Decided June 4, 1901.

August G. Reetz was convicted of unlawfully practicing medicine. Affirmed.

* Head-note by GRANT, J.

[1] For constitutionality of regulations as to practice of medicine, see note to *Louisville Safety Vault & Trust Co.* v. *Louisville & Nashville R. Co.*, (Ky.) 14 L. R. A. 581.

*F. W. Cook* (*Burlingame & Belden*, of counsel), for appellant.

*Charles B. Cross*, Prosecuting Attorney, and *George S. Lovelace*, Assistant Prosecuting Attorney, for the people.

GRANT, J. Respondent was convicted of having practiced medicine without complying with Act No. 237 of the Public Acts of 1899, entitled "An act to provide for the examination, regulation, licensing, and registration of physicians and surgeons, and for the punishment of offenders against this act, and to repeal acts and parts of acts in conflict therewith."

The first act passed by the legislature of this State to regulate the practice of medicine and surgery is Act No. 167, Pub. Acts 1883. This was amended by Act No. 268, Pub. Acts 1887. Then followed the act of 1899, covering the entire subject, and providing for a board of examiners. The act of 1899 is not different in principle from the other acts. If the act of 1883 was valid, then the act of 1899 is valid. Notwithstanding the former decision of this court in *People* v. *Phippin*, 70 Mich. 6 (37 N. W. 888), counsel again attack the constitutionality of this legislation. That case settled the question against the contention of the respondent. See, also, *People* v. *Moorman*, 86 Mich. 433 (49 N. W. 263). Counsel argue that such legislation is an interference with the inalienable right of a citizen when ill to employ anybody he chooses as his physician. This contention is not supported by authority or reason. The practice of medicine affects the public health, and it is clearly within the police power of the State to provide that those dealing with disease shall be amply qualified to do so, so far as human experience and education may qualify them. If this contention be adopted, then the law providing for the admission of attorneys to practice law is unconstitutional and void. This legislation has been almost universally sustained by the courts of other States and the Supreme

Court of the United States. Among the cases are the following, which we cite without further comment: *State* v. *Dent*, 25 W. Va. 1, affirmed in *Dent* v. *West Virginia*, 129 U. S. 114 (9 Sup. Ct. 231); *State* v. *Webster*, 150 Ind. 607 (50 N. E. 750), and authorities there cited.

Conviction affirmed.

The other Justices concurred.