THE CITY OF CHEROKEE, Appellant, v. E. R. PERKINS, Appellee.

118 405
124 470

Itinerant Physicians and Surgeons: LICENSE: DENTIST. The power
1    conferred upon cities by section 700 of the Code to regulate, li-
cense, and tax "itinerant doctors, itinerant physicians and sur-
geons," etc. does not include an itinerant dentist.

*Appeal from Cherokee District Court.*—HON. F. R. GAY-
NOR, Judge.

THURSDAY, OCTOBER 30, 1902.

THE appellee is a practitioner of dental surgery, and
resides in the city of Des Moines, Polk county, where he
maintains an office for the practice of his profession. It
appears that he is a regularly licensed practitioner, as pro-
vided for by the statute of this state relating to that sub-
ject, and that his license was of record in both Polk and
Cherokee counties, in which latter county the appellant
city is situated. It further appears that at stated times
appellee was accustomed to visit other towns in the state,
advertising and holding himself out as a practitioner of
dental surgery, and that at such places he engaged a room
in a hotel, and therein practiced his profession. In March,
1900, he made one of his professional visits to the appel-
lant city; and on that occasion an information was filed
against him in mayor's court, charging a violation of an
ordinance of said city, in that therein he held himself out
as a dental surgeon, and practiced his profession, without
procuring a license therefor as provided in such ordinance.
The material provisions of the ordinance are as follows:
"Be it ordained  *  *  *  that it shall be unlawful for
any itinerant physician and surgeon, or doctor of dental
surgery, to practice his profession within the city  *  *  *

unless he shall first have obtained a license * * * from the mayor. Every physician practicing medicine, surgery, or dental surgery, * * * who goes from place to place * * * or, by circulars or advertisements, solicits persons to meet him for professional treatment at places other than his office at the place of his residence, shall be considered an itinerant doctor, * * * or itinerant dental surgeon. Any person violating the provisions of this ordinance, upon conviction thereof, shall be fined," etc. A plea of not guilty was entered, and upon trial the defendant was adjudged guilty, and a fine imposed, from which judgment an appeal was taken to the district court. In the latter court the judgment of the mayor's court was reversed, and a judgment entered discharging the defendant. From this judgment the city appeals.—*Affirmed.*

*William Mulvaney* for appellant.

*Claud M. Smith* and *Spurrier, Forbes & Mills* for appellee.

BISHOP, J.—The district court proceeded upon the theory that the appellant city had no power to include doctors of dental surgery in the ordinance in question, and make them subject to its provisions. That a municipality cannot exercise a power unless it be expressly conferred by the legislature, or absolutely necessary to carry out some other power expressly conferred, is well-settled doctrine. That in case of doubt the existence of power will be denied is equally well settled. *State v. Smith*, 31 Iowa, 493. By section 700 of the Code the power is given cities and towns to regulate, license and tax "itinerant doctors, itinerant physicians and surgeons," etc. The only question for our determination is whether a practitioner of dental surgery comes within the definition of itinerant doctors or itinerant physician and surgeon. It has been held that the term "dentist" and "surgeon" are not

interchangeable. *People v. DeFrance* (Mich.) 62 N. W. Rep. 709, 28 L. R. A. 139; *State v. Fisher* (Mo.) 24 S. W. Rep. 167, 22 L. R. A. 799. Certain it is that the professions are largely separate and distinct from each other. The practice of each is regulated by different chapters of the Code, and the legal rights, duties, and responsibilities of each are dissimilar in very many respects. In the opinion of the writer, there is every reason for holding the statutes applicable to dentists which could be urged in respect of physicians and surgeons, and that the legislature intended to include dentists in the general term "itinerant doctors." The majority of the court, however, hold to the opinion that the provisions of the statute cannot be extended so as to include dental surgeons; that, if the legislature had intended to make them subject to the statutory provision, it would have so said in terms; that the expression "itinerant doctor," as found in the statute, is to be classed with the succeeding expression, "itinerant physician and surgeon;" and that both relate to those persons who in some form, or following some school, practice either medicine or surgery, or both.

The judgment of the district court is therefore AFFIRMED.