STATE v. ERNEST R. TAYLOR.[1]

December 11, 1908.

Nos. 15,887—(42).

**License as Dentist Necessary.**

   A person who is licensed to practice medicine and surgery under the statutes of the state cannot by virtue thereof practice dentistry without securing a license as a dentist, as required by chapter 117, Laws 1907.

Defendant was convicted in the municipal court of Minneapolis of practicing dentistry without a license. From an order, Waite, J., denying a motion for a new trial, he appealed. Affirmed.

*Mead & Robertson,* for appellant.

*Frank Healy,* City Attorney, and *Clyde R. White,* Assistant City Attorney, for the state.

ELLIOTT, J.

Dr. Taylor, the appellant, was convicted of the offense of practicing dentistry without a license, in violation of chapter 117, p. 127, Laws 1907. He was at the time a licensed physician and surgeon, and claims that such license entitles him to engage in the incidental practice of dentistry on his own patients. Dr. Taylor extracted two teeth for one of his patients and took an impression in wax of the mouth and cavities. He sent this impression to a dental laboratory, where artificial teeth were made and returned to Dr. Taylor, who delivered them to his patient and received a fee of some $38 for his services. It is conceded that Dr. Taylor did not hold a certificate from the State Board of Dental Examiners authorizing him to practice dentistry in this state, and that what he did comes within the terms of the statute which defines the practice of dentistry. He was therefore properly convicted, unless protected by his license as a physician and surgeon.

The statute provides that a person shall be regarded as practicing medicine "who shall append the letters 'M. D.' or 'M. B.' to his name, or for a fee prescribe, direct or recommend for the use of any per-

[1] Reported in 118 N. W. 1012.

son any drug or medicine or other agency for the treatment or relief of any wound, fracture or bodily injury, infirmity or disease: Provided that this section shall not apply to dentists." R. L. 1905, § 2300. It is true, as appellant contends, that the practice of medicine and surgery in its broad and comprehensive sense includes the practice of dentistry, which "is medical, surgical, or prosthetic. In so far as it is a direction of medical science to the prevention, modification, or removal, by medicinal and hygienic remedies, of the causes and effects of disease in the dental organs, it forms part of the physician's practice, just as does the treatment of cerebral, cardiac, or pulmonary diseases. In so far as it is an application of surgical skill to the fractures or to staphyloraphy, it is simply oral surgery, involving only such knowledge and skill in the use of instruments as every surgeon must possess." Harris, Principles & Practice of Dentistry, p. xxxiii.

In the absence of any legislative declaration to the contrary, a certificate authorizing the holder to practice medicine and surgery would therefore entitle him to practice dentistry. But for reasons of public policy, with which we have no particular concern, the legislature adopted the policy of dividing the field of medicine and surgery, and making a separate profession of a part thereof. State v. Vandersluis, 42 Minn. 129, 43 N. W. 789, 6 L. R. A. 119. It was thought that men who engage in the treatment of diseases of the dental organs should receive special preparation and be specially licensed to practice that particular branch or department of medicine and surgery. A State Board of Dental Examiners was created, and authorized to determine who should be licensed and entitled to practice dentistry in the state. R. L. 1905, §§ 2313–2319; chapter 117, p. 127, Laws 1907. A department of Dental Surgery was also established at the University, with a course of study, the satisfactory completion of which would entitle the student to a special degree of Dental Surgeon. An examination of this course shows that it includes a considerable part of the work required in the medical school, but it also includes studies which relate particularly to diseases of the dental organs and others designed to insure efficiency in the mechanical work connected with the treatment. The statute now in force provides that:

"No person shall practice dentistry in the state without having complied with the provisions of this subdivision. * * * Any person

who shall * * * violate any of the provisions of this subdivision shall be guilty of a misdemeanor."

And: "All persons shall be said to be practicing dentistry, within the meaning of this section, * * * who shall for a fee, salary or other reward, paid or to be paid either to himself or to another person, * * * replace lost teeth by artificial ones." R. L. 1905, §§ 2315, 2319, as amended by chapter 117, p. 127, Laws 1907.

The legislature has thus defined both the practice of medicine and the practice of dentistry, and made of them two distinct professions. This statute relating to dentistry makes no exception in favor of one who holds a certificate entitling him to practice as a physician and surgeon. We can find no implied exceptions in this statute. The words "no person" in a criminal statute, are to be given their literal meaning. From an examination of the statutes of other states relating to the practice of dentistry, we learn that many contain express exceptions in favor of physicians and surgeons. Probably the most of them permit physicians to extract teeth or perform such other comparatively simple work. In the absence of any such exceptions, we must conclude that the legislature intended to restrict the scope of the practice of the physician and surgeon, and require him, if he desires to practice dentistry, to obtain a license from the State Board of Dental Examiners in addition to his other certificate. What was said in State v. Vandersluis, 42 Minn. 129, 43 N. W. 789, 6 L. R. A. 119, to the effect that the statute then under consideration would not limit the right of a surgeon under his license, was dicta, and is not controlling.

In State v. Beck, 21 R. I. 288, 43 Atl. 366, 45 L. R. A. 269, it appeared that the law regulating the practice of dentistry was passed in 1888 (Laws 1888, p. 1, c. 712), at a time when there was no law regulating the practice of medicine. Such a law was enacted in 1895 (Laws 1895, p. 25, c. 1353), and in 1897 (Laws 1897, p. 205, c. 470) the dentistry act was re-enacted in substantially its original form. It was held that a person who was authorized to practice medicine under the act of 1895 was entitled to practice dentistry as a branch of surgery, without complying with the dental act of 1897. The reasoning does not carry conviction to our minds, and we cannot regard the case as an authority which should be followed. The recent cases recognize the two professions, as separate and distinct. In State v.

Fisher, 119 Mo. 344, 24 S. W. 167, 22 L. R. A. 799, a dentist was unsuccessful in his claim of exemption from jury duty under a statute which exempted a "practitioner of medicine," and in People v. De France, 104 Mich. 563, 62 N. W. 552, 53 Am. St. 139, it was held that dentists were not within a provision relating to privileged communications to one practicing medicine and surgery. In City v. Perkins, 118 Iowa, 405, 407, 92 N. W. 68, it was held that the power to tax "itinerant doctors, physicians and surgeons" did not include itinerant dentists.

The order denying the defendant's motion for a new trial is affirmed.