## JONES et al. v. YOKUM.

Pol. Code, X 2834, imposes a license tax of $500 on wholesale liquor dealers, to be paid in each precinct, town, or city in which the wholesaler has or operates a warehouse or depository; "wholesaler" being defined by section 2835 to include all persons who sell or offer for sale or deliver liquors in quantities of five gallons or more at any one time to any one person or persons. Section 2836 provides that every person engaged or intending to engage in any business mentioned in section 2834 requiring the payment of a license shall do certain things therein specified, including the payment of such license, and section 2838 provides that any person violating the article shall be guilty of a misdemeanor. **Held,** that section 2834 was not limited to wholesale liquor dealers who operate a warehouse or depository within the state, but extended to and included nonresident liquor dealers selling liquor in South Dakota at wholesale by means of traveling salesmen.

The state has power to prohibit the sale of intoxicating liquors by nonresidents within its borders, unless the seller shall have paid a license and procured requisite authority therefor.

Notes executed in South Dakota by defendant to plaintiffs, nonresident wholesale liquor dealers, through their traveling salesmen, for the price of liquor purchased by defendant f. o. b. Louisville, Ky., were unenforceable, where plaintiffs had not complied with the South Dakota law regulating the sale of intoxicating liquors, at wholesale.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Hughes County.   Hon. LYMAN T. BOUCHER, Judge.

Action by Saunders P. Jones and another, doing business under the name of Paul Jones & Co., against Robt. L. Yokum. Judgment for plaintiffs, and defendant appeals.   Reversed.

*Gaffy & Stephens,* for appellant.   *H. R. Horner,* for respondents.

CORSON, J.   This case is before us on appeal by the defendant from a judgment on a directed verdict in favor of the plaintiffs.   The action was instituted by the plaintiffs to recover the amount claimed to be due on two promissory notes alleged to have been executed by the defendant to the plaintiffs.   The defendant, in his answer, admits the execution of the promissory notes set out in the complaint, and that the plaintiffs were the owners and holders thereof, but denies that the same was given for value received or for any lawful consideration whatever; admits that no part of said notes have been paid, but specifically denies that anything is due thereon.   For the further separate and complete defense to plaintiffs' complaint the defendant alleges: "That the notes described in plaintiffs' complaint were given by defendant to plaintiffs in consideration for certain distilled, spirituous and intoxicating liquors sold by the plaintiffs to defendant in the city of Pierre, Hughes county, state of South Dakota, as hereinbefore stated, and at the time of said sale and at the time of the giving of said notes the plaintiffs were engaged in the business of selling distilled, spirituous, and intoxicating liquors in the state of South Dakota at wholesale, and had not then and never have since complied with the laws of the state of South Dakota

relative to the payment of license fee, and that said plaintiffs never were licensed or permitted to sell distilled, spirituous, or intoxicating liquors within the state of South Dakota, or in any county, city, or precinct thereof, and never had given notice of intention to engage in said business as required by law, and never had made, executed, or delivered to the county treasurer in any county of said state a bond as required. by section 2839 of the Political Code of the state of South Dakota, and that the said plaintiffs were not at any time herein mentioned registered pharmactists or owning and conducting a pharmacy, and the said defendant further says that the said notes were given for no other or additional consideration than the spirituous and intoxicating liquors so sold by plaintiffs to defendant, as. aforesaid."

In the deposition .of John J. Stine, offered and received in evidence on the part of the plaintiff, he testified that he was manager of the business of Paul Jones & Co., and, after detailing the transactions in regard to the notes, he testified on cross-examination as follows: "These notes were given in payment of an account, for distilled and spirituous liquors handled by this firm, sold to the defendant in the state of South Dakota by Mr. Wilson, representing this firm. Previous to the sale of these goods to Mr. Yokum by Mr. Wilson representing this firm, the firm had never applied for a license in the state of South Dakota to sell liquors in the state of South Dakota. They had never given any legal notice that they were .going to apply for such license. They have never done so since; nothing of the sort. The firm has never thought of such a thing as giving notice of an intention to engage in the business of selling distilled and spirituous liquors in South Dakota, or in any county or precinct of said state. We have never made, executed, and delivered to .any county treasurer in the state of South Dakota a bond as required by an act of the .state or under section 2839 of the statutes of South Dakota. The firm of Paul Jones & Co. was not at the time these goods were sold or since then engaged in the drug business in South Dakota, nor in the pharmaceutical business, nor was the firm registered pharmacists. There was no other consideration for these notes than. that they were given in payment for distilled and spirituous liq-

uors. * * * This Mr. Wilson, who was employed by the firm to represent them and sell goods for them in South Dakota, was clothed with the authority which ordinary traveling salesmen are clothed with for this and other firms. He had the authority to make terms, four months, and on prices. He had the ordinary authority which a salesman is usually clothed with only on terms and prices. He had no authority to make a sale which would be binding as to credit until it was passed upon by me or somebody in authority for Paul Jones & Co. I had such authority, and nobody else besides the members of the firm of Paul Jones & Co. When these goods were sold, they were here in Louisville. I mean to say by that the goods were sold f. o. b. Louisville. The contents in gallons of these shipments was about 150 gallons of whisky. There was about 75 gallons in each shipment. The sale was 75 gallons each time. * * * At the time these goods were sold by the agent, and were to be shipped to South Dakota, they pay the frieght on them. They were sold in South Dakota. They were sold f. o. b. Louisville, and were shipped to South Dakota."

At the conclusion of plaintiffs' testimony, the defendant moved "the court to direct the jury to return a verdict for the defendant upon all the issues in this case upon the grounds that the notes described in plaintiffs' complaint, and upon which this suit is brought, are void for the reason that they were given by defendant to plaintiffs in consideration for distilled, spirituous, and intoxicating liquors sold by plaintiffs to defendant in the city of Pierre, Hughes county, S. D., and at the time of the giving of such notes the plaintiffs were engaged in the business of selling distilled, spirituous, and intoxicating liquors in the state of South Dakota at wholesale, and had not then and never have complied with the laws of the state of South Dakota relative to the payment of license fee, and that said plaintiffs were never licensed or permitted to sell distilled, spirituous, or intoxicating liquors within the state of South Dakota or in any county, city, or precinct thereof, and never had given notice of intention to engage in said business as required by law, and never had made, executed, or delivered to the county treasurer in any county of said state a

bond as required by section 2839 of the Political Code of the state of South Dakota, and that the said plaintiffs were not at any time mentioned in this action registered pharmacists or owning or conconducting a pharmacy in the state of South Dakota, it appearing from the undisputed testimony that the said notes were given for no other or additional consideration than the sale of distilled, spirituous, and intoxicating liquors so sold by plaintiffs to defendant as aforesaid, and that the said sale was illegal and void." This motion was denied, and the defendant duly excepted.

Thereupon the defendant was introduced as a witness on the part of the defendant, and testified, in substance, that he resided in Pierre and Ft. Pierre, about half the time in each place; that J. B. Wilson called at his place in the city of Pierre, Hughes county, S. D.; that he had a business transaction with him at that time and purchased some whisky from him; that said Wilson stated to him he represented at that time the firm of Paul Jones & Co. Certain questions were propounded to him in regard to the transactions between him and Wilson resulting in the sale of said liquors which were objected to by counsel for plaintiffs and the objections sustained. Thereupon the plaintiffs' counsel moved the court for the direction of a verdict in favor of the plaintiffs, and the counsel for the defendant thereupon renewed their motion for a direction of a verdict in favor of the defendant. No ruling seems to have been made directly upon the latter motion, but indirectly it seems to have been denied, as the court directed a verdict in favor of the plaintiffs. A motion for a new trial was made and denied.

It is contended by the appellant that, as it appears by the undisputed evidence that the notes in controversy were given as consideration for the sale to the defendant of spirituous and intoxicating liquors, and that the same were made in violation of the laws of this state, they are therefore void. It is contended by the respondents that as it appears that Paul Jones & Co., respondents, are wholesale dealers in liquors conducting their business at Louisville, Ky., and have no place of business in the state of South Dakota, they do not come within the provisions of the law of South Dakota requiring licenses to be paid by persons engaged

in the business of selling intoxicating liquors within the state, and hence that the notes were valid and binding upon the defendant; that the aim of the law is to license a business, and in the case of the wholesale dealer, in order to constitute him such, he must have a place of business or operate a warehouse or depository in this state; that it is clear that the Legislature from the sections of the Code relating to the sale of intoxicating liquors intended that, in order to be a wholesale dealer, the parties selling must have a place of business or operate a warehouse or depository in some place in the state, or, in other words, must have the goods within the state. But in our opinion the appellant is right in his contention. The notes in controversy in this case appear to have been executed at Pierre, S. D., November 13, 1906, and it appears from the undisputed evidence that the consideration of said notes consisted of spirituous and intoxicating liquors sold by the plaintiffs through their agent, Wilson, to the defendant at his place of business in Pierre, S. D. Section 2834, Pol. Code, provides, among other things, that: "In all townships, precincts, towns, and cities of this state there shall be annually paid the following license upon the business of selling or keeping for sale by all persons whose business in whole or in part consists in selling * * * in the state distilled, brewed or malt liquors as follows: * * * Upon the business of selling spirituous or intoxicating liquors at wholesale, five hundred dollars per annum." And by section 2835, among other things, it provides: "Wholesale dealers shall be held and deemed to mean and included all persons who sell or offer for sale, or deliver such liquors or beverages in quantities of five gallons or more at any one time to any one person or persons." And section 2836, among other things, provides: "Every person engaged or intending to engage in any business mentioned in section 2834 and requiring the payment of license," shall do certain things therein specified, including the payment of license. And section 2838 provides: "If any person or persons shall engage or be engaged in any business requiring the payment of license under section 2834 without having paid in full the license required by this article * * * or shall in any manner violate any of the provisions of this article, such person or persons shall be deemed guilty of a misdemeanor."

It is disclosed by the evidence in this case that the plaintiffs were engaged through their agent, Wilson, in offering for sale intoxicating liquors, and that through such agent they sold to the defendant 150 gallons of whisky at said Pierre, for which the said promissory notes in this action were executed, and that the plaintiffs had never paid any license required by the laws of said state authorizing the sale of intoxicating liquors within the state. In State v. McIlvena, 21 S. D. 489, 113 N. W. 878, this court held, in effect, that the provisions of Pol. Code, § 2856, as amended in 1903 ((Laws 1903, p. 191, c. 166), impliedly prohibits the sale of intoxicating liquors in this state unless the conditions therein specified are complied with, and in our opinion, under our law regulating the sale of intoxicating liquors, no person or corporation is authorized to sell intoxicating, brewed, or malt liquors in this state, unless he shall have paid the license and procured the requisite authority therefor. The power of the state to thus prohibit the sale of intoxicating liquors within its borders is settled by the Supreme Court of the United States in the case of Delameter v. State, reported in 205 U. S. 93, 27 Sup. Ct. 447.

The contention of the respondents that the aim of the law in this state is to license a business, and in case of the wholesale dealer, in order to constitute him such, he must have a place of business or operate a warehouse or depository in this state, is in our opinion untenable. It is true by section 2834 it is provided the wholesale liquor dealer's license "shall be paid in each precinct, town, or city in which said wholesaler has or operates a warehouse or depository," but in our opinion this simply prescribes the place at which the wholesale liquor dealer's license should be paid in case he has a warehouse or depository, but, in the case of sales made by wholesale liquor dealers in this state who have no such warehouse, depository, or place of business, the license must be paid in the county, town, or city in which such sales are made. The provision in section 2834 does not qualify or limit the provisions made in section 2835, which declares: "Wholesale dealers shall be held and deemed to mean and include all persons who sell or offer for sale or deliver such liquor or beverages in quantities of five gallons or more at any one time to any one person."

This declaration as to what class of persons shall constitute wholesale dealers is clear and specific, and we are not authoirzed to add to this declaration the limitation, condition, or proviso suggested by counsel that the persons so engaged in making sales of more than five gallons shall have a warehouse or depository within the state. The contention of the respondents lead to the absurd result that, if one engages in the business of selling intoxicating brewed or malt liquors at wholesale in this state having a warehouse or depository therein, he must pay the $500 license required by law, but, if his warehouse or depository is situated outside of the borders of the state, then he may, through his agents, engage in the sale of intoxicating liquors within this state without paying any license therefor. We cannot impute to the lawmakers an intention to enact legislation so unjust to our own citizens. This court has recently held in the analogous case of Conrad-Seipp Brewing Co. v. Green et al., 23 S. D., 122 N. W. 662, that under section 2834, requiring a license for all who engage in the sale of brewed or malt liquors at wholesale or offer for sale in five gallon quantities or more, where the soliciting agent took orders from parties in this state, it was a violation of our law relating to the sale of intoxicating liquors, no license authorizing the sale of the same having been obtained.

Substantially all of the questions involved in this case are determined in the case of State v. Delameter, 20 S. D. 23, 101 N. W. 537, 8 L. R. A. (N. S.) 774, and in Delameter v. State, supra, in which the Supreme Court of the United States affirmed the decision of this court, and in the case of the Seipp Brewing Company v. Green et al., supra, and we do not deem it necessary, therefore, to further discuss the questions presented on this appeal. This court also held in the case of Seipp Brewing Co. v. Green, supra, that the plaintiff was not entitled to recover the value of liquors so sold through its agent in violation of the laws of this state. State v. Asher, 54 Conn. 299, 7 Atl. 822; Lang v. Lynch, et al., 38 Fed. 489, 4 L. R. A. 831.

Our conclusion, therefore, is that the learned circuit court erred in denying defendant's motion to direct a verdict in favor of the defendant, and in granting plaintiffs' motion to direct a verdict in favor of the plaintiffs' and the judgment of that court and order denying a new trial are reversed.