PEOPLE *v.* SWENSON.

1. INTOXICATING LIQUOR — LICENSE — SOLICITING ORDERS — NON-
    RESIDENT CORPORATIONS.
     It is unlawful to solicit orders for the purchase of intoxicating
     liquors at wholesale without complying with Act No. 291,
     Pub. Acts 1909, requiring a bond and license, although the
     solicitor has no authority to make contracts for his principal
     and the orders are subject to acceptance by the company
     which is a nonresident corporation.

2. CONSTITUTIONAL LAW—EQUAL PROTECTION OF THE LAWS — IN-
    TOXICATING LIQUORS — DISCRIMINATION AGAINST NONRESIDENTS.
     The statute prohibiting such solicitation is not unconstitu-
     tional as a discrimination against nonresidents.

Exceptions before judgment from Houghton; Streeter,
J. Submitted June 27, 1910. (Docket No. 148.) De-
cided July 14, 1910.

Theordore Swenson was convicted of violating the
liquor law. Affirmed.

*Burritt & Burritt* and *James T. Drought* (*Lawrence
Maxwell* and *Joseph S. Graydon*, of counsel), for ap-
pellant.

*Franz C. Kuhn*, Attorney General, and *William J.
McDonald*, Prosecuting Attorney (*Arthur P. Hicks*, of
counsel), for the people.

BROOKE, J. Defendant brings this case to this court
for review upon exceptions before sentence. He was pro-
ceeded against and convicted under Act No. 291 of the
Public Acts of 1909, upon the charge that he was engaged
in the business of selling and offering for sale, and solicit-
ing orders for the purchase of, distilled, brewed, malt,
spirituous, and intoxicating liquors, at wholesale, as agent
for a foreign and nonresident corporation which had not

paid to the treasurer of the State a license fee, as required by law. Defendant, as agent for the William Bergenthal Company of Milwaukee, Wis., solicited and obtained two orders for liquor at Houghton, Mich. Defendant had no authority to enter into a contract in Michigan binding upon the company. His principal reserved the right to accept or reject orders received by it at Milwaukee. It accepted the orders in question and shipped the goods by rail to Houghton, at the risk of consignees, who paid the freight. Neither defendant nor his principal had paid any license fee, or procured a license for the sale of liquor at wholesale in Michigan.

Section 1 of the general liquor law (2 Comp. Laws, § 5379), as amended by Act No. 291 of the Public Acts of 1909, provides, in part:

"Any person or persons, partnership or corporation, being nonresidents of the State of Michigan, who shall in this State sell the liquor referred to in this act, at wholesale, by or through agents, salesmen or other persons soliciting or doing business in this State, shall pay the same license fee as is provided in this section for resident person, persons, partnerships and corporations. * * * *It shall not be lawful for any representative of such nonresident person, persons, partnership or corporation to solicit or do business in this State until such bond has been filed and approved and such license fee has been paid."

Section 2 of the act, as amended by Act No. 291 of the Public Acts of 1909, contains this provision:

"Wholesale dealers shall be held and deemed to mean and include all persons who sell or offer for sale such liquors and beverages at wholesale, in original trade packages and in bulk and by measure, not to be drunk on the premises."

Defendant urges two grounds for reversal:

(1) That the law does not make it any offense to solicit orders in this State, where the sale is consummated by delivery to the consignee outside the State; and

(2) That, if the law makes such solicitation an offense,

it creates an unconstitutional discrimination against non-residents.

We are of opinion that, upon a fair reading of the language of the statute, with the purpose of giving effect to every part thereof if possible, an elementary rule of statutory construction will demonstrate that it was the intention of the legislature to prohibit the solicitation of orders for, as well as the consummated sale of, liquor within the State, without the payment of the license fee provided by the act. The construction contended for by defendant would place nonresident dealers in a better position, with regard to the traffic, than that occupied by citizens or residents of the State. It cannot be supposed that the legislature *intended* such a result. Such a construction would permit foreign dealers to do business at will, in Michigan, thereby depriving the State of its revenues, as well as destroying that proper control of the traffic which results from the imposition of the license.

The questions here involved are exhaustively discussed and determined adversely to the contention of defendant in the case of *Delamater* v. *South Dakota*, 205 U. S. 93 (27 Sup. Ct. 447). This decision is controlling. See, also, *State* v. *Ascher*, 54 Conn. 299 (7 Atl. 822).

The judgment is affirmed.

OSTRANDER, MOORE, McALVAY, and BLAIR, JJ., concurred.