PEOPLE *v.* SWENSON.

APPEAL AND ERROR—FEDERAL PRACTICE—JUDGMENT—FINALITY—
EXCEPTIONS BEFORE SENTENCE.

> Since the Federal practice requires that sentence be pro-
> nounced in order that the judgment may be final for review
> on writ of error to the Supreme Court of the United States, a
> judgment of the lower court after the decision on exceptions
> before sentence heretofore reviewed in *People* v. *Swenson,*
> 162 Mich. 397, is affirmed; but it is *held* that in Michigan a
> judgment on exceptions before sentence entered in the
> Supreme Court is final.

Error to Houghton; Streeter, J. Submitted April 20,
1911. (Docket No. 121.) Decided July 5, 1911.

Theodore Swenson was convicted of violating the liquor
law and, after affirmance on exceptions before sentence,
was sentenced to pay a fine or be committed to the county
jail. Affirmed.

*Burritt & Burritt* and *James T. Drought* (*Lawrence
Maxwell* and *Joseph S. Graydon,* of counsel), for appel-
lant.

*Franz C. Kuhn,* Attorney General, and *William J.
McDonald,* Prosecuting Attorney (*Arthur P. Hicks,* of
counsel), for the people.

BROOKE, J.  This case has been once reviewed by this
court, upon exceptions before sentence, and will be found
reported at 162 Mich. 397 (127 N. W. 302). Respondent,
having been duly sentenced, has now removed his case to
this court by writ of error. His avowed purpose in again
bringing the matter to the attention of the court is to ob-
tain a judgment of the court of last resort in this State,
to the end that (if unfavorable to respondent) he may ap-
ply to the Supreme Court of the United States for a writ
of error.

We are of opinion that it was unnecessary for respondent to sue out a writ of error after the case had been finally decided upon exceptions before sentence. From a perusal of the opinion in *Lyng* v. *Michigan*, 135 U. S. 161 (10 Sup. Ct. 725), it would appear that that course was there followed, though we have been unable to find that the case was again before this court after sentence. Upon exceptions before sentence it was reviewed, and the conviction affirmed. *People* v. *Lyng*, 74 Mich. 579 (42 N. W. 139). A different course was obviously followed in *Reetz* v. *Michigan*, 188 U. S. 505 (23 Sup. Ct. 390). See *People* v. *Reetz*, 127 Mich. 87 (86 N. W. 396).

Under our practice the affirmance of a conviction before sentence is a final adjudication of the case. Nothing remains for the trial court to do but to impose sentence. We note, however, that in *Congdon* v. *Michigan*, 200 U. S. 612 (26 Sup. Ct. 753), (see *People* v. *Congdon*, 137 Mich. 133 [100 N. W. 266]), the Supreme Court dismissed the case for the want of jurisdiction, and an examination of the cases there cited (*Schlosser* v. *Hemphill*, 198 U. S. 173 [25 Sup. Ct. 654], and *Haseltine* v. *Central Nat. Bank*, 183 U. S. 130 [22 Sup. Ct. 49]) would seem to indicate that the court proceeded upon the assumption that a judgment of this court, affirming a conviction before sentence, was not a final judgment. While, as before indicated, we cannot accept this view, we feel constrained in the present instance to affirm the judgment after sentence, in order that respondent's right to have his case reviewed by the Supreme Court of the United States may not be imperiled through a holding by that court that it was without jurisdiction.

The judgment is affirmed.

MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred.