PEOPLE *v.* BLAIR.

1. CONSTITUTIONAL LAW — PHYSICIANS AND SURGEONS — CRIMINAL
   LAW.
   Respondent, a duly licensed physician and surgeon, caused
   to be inserted in the Jackson Patriot, a newspaper of the
   city of Jackson, an advertisement that he would be in the
   city on certain days and would extract teeth for a con-
   sideration. It was stipulated on the trial of a prosecution
   against him that the pulling of teeth was the practice of
   dentistry and minor surgery. Upon the objection that
   the amendment of Act No. 183, Pub. Acts 1913, to Act No.
   338, Pub. Acts 1907, under which he was prosecuted, was
   not covered by the original title, *held,* that the title of the
   statute which prohibited any qualified physician or sur-
   geon not registered thereunder from extracting teeth ex-
   cept where the patient had been previously under treat-
   ment for some other ailment except, etc., was within the
   title of the original enactment, which reads as follows:
   "An act to provide for the examination, regulation, licens-
   ing, and registration of persons engaged in the practice
   of dentistry, and for the punishment of offenders against
   this act." [1]

2 SAME—REGULATION—POLICE POWER.
   It was within the province of the legislature to regulate
   the practice of medicine and dentistry, as questions affect-
   ing the public health are subject to the police power of
   the State.

3. SAME—SURGERY.
   *Held,* also, that respondent had no right to advertise the
   dental practice and was not protected by his profession
   from the penal provisions; nor was the right inferable be-
   cause the medical statute was passed after the dental
   regulation.

---

[1]As to effect of license to engage in practice of profession or
occupation as creating a vested right to continue in same, see
note in 8 L. R. A. (N. S.) 1272.

Exceptions before sentence from Jackson; Parkinson, J. Submitted October 28, 1915. (Docket No. 109.) Decided July 21, 1916.

Marion E. Blair was convicted of the illegal practice of dentistry. Affirmed.

*Nathan E. Bailey,* Prosecuting Attorney, and *M. Grove Hatch,* Assistant Prosecuting Attorney, for the people.

*John F. Henigan,* for respondent.

BIRD, J. An information was filed in the Jackson circuit court, charging defendant with a violation of Act No. 338 of the Public Acts of 1907, as amended by Act No. 183 of the Public Acts of 1913 (section 6748 *et seq.,* 2 Comp. Laws 1915) ; the same having reference to the practice of dentistry. The facts were stipulated by counsel, and a jury found respondent guilty by advice of the trial court. The case is here on exceptions before sentence.

The conceded case appears to be, in substance: That respondent was a duly licensed physician and surgeon. That he caused to be inserted in the Jackson Patriot, a newspaper published and circulated in the city of Jackson, an advertisement that he would be in that city on certain days, and would extract teeth for a consideration. It was further stipulated that the pulling of teeth was the practice of dentistry, and was also minor surgery. The section of the act material to the controversy is:

"It shall be unlawful for any legally qualified physician or surgeon, not registered and licensed under the provisions of this act, to extract teeth, except in cases where the person or persons whose teeth or tooth is or are to be extracted, shall have been, previously to such extraction or operation, under treatment by such physician or surgeon for some other ailment or disease, and then only when such extraction or opera-

tion shall be deemed necessary by such physician or surgeon in order to preserve the health or life of his patient; *provided, however,* that this section shall in no way interfere with the regular licensed physician or surgeon in the performance of general surgery, or extracting or treating teeth in emergency cases, in order to relieve temporarily the health or discomfort of a patient.

"It shall be unlawful for any legally qualified physician or surgeon, not registered or licensed under the provisions of this act, to advertise or permit to be done, orally or by sign, token, card, circular, handbill, newspaper, or other medium of advertisement, that he can or will attempt to perform dental operations of any kind, extract teeth, treat disease or lesions of the human teeth or jaws, or replace lost teeth by artificial ones, or attempt to correct malposition thereof, either in or without a building, or who shall, for a fee, salary, or other reward, paid or to be paid either to himself or to another person, perform dental operations of any kind, treat diseases or lesions of the human teeth or jaws, or replace lost teeth by artificial ones, or attempt to correct the malposition thereof." Act No. 183, Pub. Act 1913, § 7 (section 6754, 2 Comp. Laws 1915).

1. The defendant admits the facts alleged in the information, but denies the prosecutor's conclusion of law that he is guilty of the offense charged. He bases his contention on several propositions, one of which is that the law is unconstitutional for the reason that the title to Act No. 338 of the Public Acts of 1907 is not broad enough to admit of the amendment of 1913. The amendment of 1913 was made under the original title without change. The title reads:

"An act to amend sections one, two, three, four, five, seven, eight and nine of act number three hundred thirty-eight of the Public Acts of nineteen hundred seven, entitled 'An act to provide for the examination, regulation, licensing and registration of persons engaged in the practice of dentistry, and for the punishment of offenders against this act, and to repeal all acts and parts of acts in conflict herewith.' "

The argument is made that the original act permit-

ted physicians and surgeons to practice dentistry, and that, in order to take away that right by amendment, the title should have given notice of it. The title of the act indicates that all persons are subject to the provisions of the act. A slight exception, however, is made in favor of physicians and surgeons. If any objection can be urged on this account, it is because the title is too broad, and gives notice of too much, and this has been held not a fatal defect if notice is given in the title of what the act actually contains. *Jasnowski* v. *Judge of Recorder's Court, ante,* 139 (158 N. W. 229), and cases.

The act as amended is more nearly in accord with the title than was the original act. The title fairly discloses the subject-matter of the act as amended, and leaves little room for any one to be misled or surprised as to the contents of the act. We think it fully meets the constitutional requirement.

2. Respondent contends that he had the right to extract teeth and to advertise that he would do so, under his license as a physician and surgeon; that as he had a right to perform minor surgery by virtue of his medical certificate, and as it is conceded that the extracting of teeth is minor surgery, he therefore asserts that he is not guilty of the offense charged. The difficulty with respondent's position is that he assumes that the right he once enjoyed as a physician and surgeon to extract teeth cannot be taken away from him by the legislature without invading his constitutional right. The right of the legislature to regulate the practice of medicine and dentistry is beyond controversy. Questions affecting the public health, safety, and morals of the people, are subject to regulation by the legislature under the police power of the State. This right as applied to the practice of pharmacy and medicine has been so fully considered by this court in *People* v. *Moorman,* 86 Mich. 434 (49 N.

W. 263) ; *People* v. *Reetz,* 127 Mich. 88 (86 N. W. 396) ; and in *Locke* v. *Ionia Circuit Judge,* 184 Mich. 535 (151 N. W. 623), it is unnecessary to again discuss it here.

The legislature has indicated an intention of making the practice of medicine and dentistry two distinct professions by prescribing the conditions and qualifications under which one may practice them. It has made all persons subject to the dental act save physicians and surgeons, for which it created some exceptions. It has stated in express language in the exceptions what physicians and surgeons may do, and therefore we must decline to read into the act any implied exceptions in their favor. As the right to practice dentistry and to advertise to do so does not come within the exceptions, the respondent is not thereby protected from the penal provisions of the act. For an instructive case which deals with the precise question on a statute very similar in its terms, see *State* v. *Taylor,* 106 Minn. 218 (118 N. W. 1012).

3. The final contention is that, as the medical act was passed 12 days after the passage of the dental act at the session of 1913, it should be construed as amending by implication the dental act. We cannot agree with this contention. Such a construction would be opposed to the trend of legislation. As we have before said, the several acts heretofore passed by the legislature regulating the practice of medicine and dentistry have indicated its intention of separating these professions and making them two distinct professions. By the medical act the legislature has conferred in general terms the right upon physicians and surgeons to practice surgery; but by the use of particular words in the dental act it has indicated its intention of restricting the scope of that general right where it overlaps into the field of dental surgery, and therefore we must hold that physicians and surgeons have no

right to practice dentistry except as permitted by the provisions of the act. We think this is a reasonable construction of the legislation and is consistent with the obvious policy of the legislature to make the practice of dentistry a distinct profession.

The exceptions are overruled, and the judgment of conviction is affirmed.

Stone, C. J., and Kuhn, Ostrander, Moore, Steere, Brooke, and Person, JJ., concurred.