(17 Misc. Rep. 292.)

MORGAN et al. v. MURTHA.

(City Court of New York, General Term. June 30, 1896.)

WAREHOUSEMEN—RIGHT TO SELL FOR STORAGE CHARGES.

Laws 1883, c. 421, authorizing warehousemen to sell goods on which one year's storage was due, does not require a warehouseman to sell, but he may sue the owner for storage charges without selling the goods.

Appeal from trial term.

Action by Patrick Morgan and others against Sophie E. Murtha. From a judgment entered on a verdict in favor of plaintiffs, and

from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

George W. McAdam, for appellant.
David McClure, for respondents.

O'DWYER, J. The action was brought to recover the sum of $1,270 for storage charges and cartage of certain furniture stored in plaintiffs' warehouse at the request of the defendant. On the trial it appeared that in March, 1883, the defendant made an agreement with the plaintiffs for the storage of some furniture belonging to her at terms then agreed upon. No definite time as to which the furniture was to remain on storage was agreed upon, and in the fall of the same year defendant called at plaintiffs' warehouse, and selected part of the furniture which she wished to be delivered at her residence, and at that time paid what was then due for storage, but not for the cartage. The furniture remaining was placed in a separate room, and the charges for storage on this remaining furniture were agreed upon at the time. The rate was to be $10 per month for storage and $7 a load was to be paid for the delivery of the goods to the defendant in Bleecker street. Later in the same year defendant sent for this remaining furniture, and the plaintiffs sent their vans, with the same, to her residence, together with a bill for the amount due. The bill was presented to the defendant by the clerk having charge of the delivery, the furniture at that time being in the plaintiffs' vans, outside of the defendant's house, ready for delivery. The defendant refused to pay the bill until the goods were delivered in the house, and, being informed that no delivery could be made until the bill was paid, defendant told plaintiffs' clerk that he could take the goods back again, which he did, and thereafter they remained on storage in plaintiffs' storage warehouse. The question of fact relating to the contract, and the amount, if any, due thereunder, arising from the conflicting testimony of the witnesses for both sides, was submitted to the jury, who found a verdict for the plaintiffs for the sum of $298.

Substantially the only defense urged by the defendant on the trial was that the plaintiffs were obliged, after a year's charges had accrued on the goods, to sell them, in order to collect their charges. The statute in regard to warehousemen's liens (Laws 1885, c. 526, § 1) provides as follows:

"A warehouseman or person lawfully engaged exclusively in the business of storing goods, wares, and merchandise for hire, shall have a lien for his storage charges, for moneys advanced by him for cartage, labor, weighing and coopering paid on goods deposited and stored with him, and such lien shall extend to and include all legal demands for storage, and said above described expenses paid which he may have against the owner of said goods; and it shall be lawful for him to detain said goods until such lien is paid."

By virtue of this lien a warehouseman is entitled to retain goods on which charges for storage, cartage, and labor are due until all

charges are paid in full. By chapter 421 of the Laws of 1883, warehousemen were authorized to sell goods on which one year's storage was due, in the manner therein provided. This statute does not require a warehouseman to sell, but simply states that he may do so. It would be altogether unwise to require a sale at public auction in every instance in which one year's storage should be due. Such a rule would often work injustice, and it is clearly not the meaning of the statute, which grants the right of sale to a warehouseman as a privilege to avail himself of when he deems it necessary to protect his rights, but does not impose upon him the duty of selling. There is certainly nothing in the language of the statute which makes a provision for a sale mandatory at the expiration of a year. It provides that a warehouseman may proceed to sell. It is a privilege for the protection of the warehouseman, but he is not under obligation to enforce it. Unlike the cases in which no agreement for storage has been made, the courts have held in cases relating to warehousemen that the nature of the business presupposes an agreement to retain the goods until they are called for and the charges paid, and that the charges continue until the goods are actually delivered. The precise question has been passed upon in Devereux v. Fleming, 53 Fed. 401. Judge Simonton, in delivering the opinion of the court, says:

"In a case like the present, when a contract is that of storage, and the contract is for the delivery on payment of the charges, the right to hold the goods under the original contract does not cease until these charges are paid, released, or tendered. This seems to be the law of the case. As no tender or offer to pay has been made, the warehouse charges still go on."

We think that no other rule than that stated should be applied in determining the charges of warehousemen. If we were to assume that no charges for storage could be recovered after demand for the goods, unaccompanied by the payment of the charges, a warehouseman would be compelled either to deliver the goods and release his lien, or to retain the goods and store them gratuitously thereafter until his charges were paid. This would be manifestly unjust, and would leave the warehouseman practically without any remedy whatever.

The judgment and order appealed from should be affirmed, with costs. All concur.