## BROWN v. SMITH.

Under Justice's Code, § 13, providing that the summons shall
contain a sufficient statement of the cause of action in general terms
to apprise defendant of the claim against him and the proper prayer
for relief, a summons was sufficient which stated that defendant was
indebted to plaintiff in a stated sum for threshing grain for defend-
ant and the amount of certain moneys expended by plaintiff for
defendant, the amount of the balance due, and that in default of an
answer plaintiff would take judgment for the amount specified.

In an action in a justice's court for a sum alleged to be due
for threshing grain, there was no material variance between the
summons and complaint, where the only difference was the allega-
tion in the complaint that plaintiff had filed a bond in compliance
with Pol. Code, § 3145, thereby showing that he was authorized to
maintain the action; the complaint making no demand for foreclosure
of the lien and only asking for a general judgment.

The filing of a lien for threshing grain is not the institution of
an action, and such claim for lien may be abandoned and an action
at law brought to recover the amount claimed.

A memorandum made by another person may be used to refresh
the recollection of a witness, provided that after inspecting it the
witness can testify from his own recollection or remembers having
seen it when his memory as to the facts was still fresh, and recol-
lects that he knew the statements therein to be correct.

The matter of refreshing a witness' recollection is within the
court's discretion.

Permitting the use of a memorandum to refresh the recollection
of a witness will not be reviewed unless there is an abuse of dis-
cretion.

There was no abuse of discretion in permitting plaintiff when
testifying to refresh his recollection by referring to the complaint in
the action, where he testified that he knew the statements therein
to be correct.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Codington County. Hon. GEORGE
H. MARQUIS, Judge.

Action by J. G. Brown against J. L. Smith. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Lee Stover* and *Loucks & Mather,* for appellant. *Case &
Shurtleff,* for respondent.

CORSON, J. This is an appeal by the defendant from a
judgment entered in the circuit court in favor of the plaintiff.
The action was commenced in a justice's court, and the summons
issued by the justice is as follows: "You and each of you are

hereby summoned and required to appear before me    *   *   * to answer to the complaint of the above-named plaintiff, J. G. Brown, who claims to recover of you the sum of seventy-four dollars and eighty-six cents, being for threshing done by plaintiff for said defendants, at their request between the 5th day of November, 1906, and November 20, 1906, amounting to the sum of $83.59, and for labor furnished for the defendants at their request on or about November 5, 1906, for which plaintiff was obliged to pay the sum of $7.87, making in all the sum of $91.46, no part of which has ever been paid save and except the sum of $16.60 paid in the month of November, 1906, leaving a balance due of $74.86, no part of which has ever been paid, and you are hereby notified that if you fail to appear and answer said complaint as above required, said plaintiff will take judgment against you and each of you by default for the said amount of $74.86, and interest at 7 per cent. per annum from December 22, 1906, besides the cost and disbursements of this action." The plaintiff in his complaint alleges, in substance: That he was the owner of a threshing rig; that in the month of August, 1906, he filed a bond as required by law; that on or about the 8th day of November, 1906, he did certain threshing for the defendants at their instance and request, which said threshing bill amounted to the sum of, and agreed price of, $83.59. For a second cause of action against defendants, plaintiff alleges that he furnished labor to the defendants of the value of $7.87, that there is now due and owing the plaintiff from defendants, for threshing done at their request, and for labor furnished at their request, the sum of $91.46, no part of which has been paid except the sum of $5 paid in cash and the further sum of $11.60 for coal paid by defendants for the plaintiff, making in all the sum of $16.60 paid, leaving a balance of $74.86, no part of which has been paid.

The defendants in their answer set up various defenses, but which, in the view we take of the case, will not be necessary to set out in this opinion. By the justice's record it is disclosed that, when the case was called for trial, the defendants appeared specially by their attorney, and moved the court to dismiss the action for the following reasons: "(1) That the summons in said action

.does not state a cause of action against these defendants or either of them.   (2) That the complaint on file in said action demands other and different relief from that contained in the summons, and that the court has not acquired jurisdiction over the defendants, for the relief prayed for in the complaint, or the property sought to be subjected to the lien attempted to be subjected in the complaint and not in the summons." The first objection was overruled, to which the defendant excepted, and the record states, as to the second exception, as follows: "As to the second part of the defendants' motion, claiming that the court has not obtained jurisdiction over the grain held under the lien, that motion is sustained." The balance of the second paragraph of the defendants' motion is overruled, to which ruling the defendants excepted. Thereupon the defendants appeared generally, reserving their right to their special appearance, and filed their answer. At the close of the trial, the action was dismissed as to the defendant Stover, and judgment rendered against the appellant herein for the amount claimed. Defendant Smith thereupon appealed to the circuit court, and in that court the motion was renewed to dismiss said action, and for judgment against the plaintiff on the ground that the summons in said action did not state a cause of action, that the complaint on file in said action demands other and different relief from that contained in the summons, and also moved for a dismissal of the action on the ground that the justice's court did not acquire jurisdiction over the defendants for the relief prayed for in the complaint. The court denied the motion, and the defendant excepted. The attention of the circuit court was called to the fact that there was a plea in bar filed in the case setting up the fact that the plaintiff had filed his claim for lien for his threshing bill, and that the same still remained of record, and moved the court to dismiss the present action for the reason that the party entitled to the lien under the statute had invoked the special privilege given him by law, and having taken advantage of that special privilege, and filed his lien, he thereby waived his right to proceed in the present action. The court, after directing the record to show that the defendant Smith offered to prove the allegations in regard to the

lien contained in the first and special defense set forth in his answer, and that the plaintiff objected to the introduction of any evidence on the part of the defendant to prove said special defense relating to said lien, and the files thereof, sustained the objection, and the court directed that, in case the plaintiff recovered in this action, before the entry of judgment in his favor herein, the lien be discharged of record.

It is contended by the appellant that the court, in sustaining plaintiff's objection to the so-called plea in bar of the defendant, committed error, for the reason that, the statute having provided a special remedy for the plaintiff, viz., a lien upon the grain threshed for the amount of his threshing bill, and the plaintiff having filed such lien and availed himself of that remedy, he is precluded from bringing the present action to recover the amount of such threshing bill, and is limited to the remedy prescribed by law, namely, the foreclosure of his lien in the manner provided for by section 741 of the Code of Civil Procedure, which reads as follows: "Said lien may be foreclosed by a sale of the property embraced in said lien upon a notice, and in the manner provided by law for foreclosure of chattel mortgages." We are of the opinion that the court was right in denying defendant's motion to dismiss the action on the ground that the summons was insufficient and that there was a variance between the summons and the complaint. The summons, as will be noticed, contains all that is necessary to be stated in an ordinary summons in a justice's court, and states specially all the facts required to be stated by section 13 of the Justice's Code, which provides, among other things, that the summons shall contain "a sufficient statement of the cause of action in general terms to apprise the defendant of the nature of the claim against him," and the proper prayer for relief. The summons in this case fully complied with the provisions of the Code. It is stated in general terms that the defendant was indebted to the plaintiff in the sum of $74.86 for threshing grain for the defendant, and the amount of certain moneys expended by the plaintiff for the defendant, the amount of the balance due, and that, in default of an answer by the defendant, plaintiff would take judgment for the amount specified. It is not contemplated

by the provisions of the statute that the summons shall be as full and specific as an ordinary complaint, but that it shall be sufficient if it apprise the defendant generally of the nature of the action and the amount claimed to be due thereon, with the proper notice that the plaintiff will take judgment for a specific amount in case of default in the answer on the part of the defendant, when the action is for damages or on contract.

The further contention of the appellant that there was a variance between the summons and complaint is, in our opinion, without merit. The only material difference between the summons and complaint is the allegation in the complaint that the plaintiff had filed a bond in compliance with the provisions of Pol. Code, § 3145, thereby showing that he was authorized to maintain the action. Johnson et al. v. Berry et al., 20 S. D. 133, 104 N. W. 1114, 1 L. R. A. (N. S.) 1159. But plaintiff makes no demand for a foreclosure of his lien, and only asks for a general judgment for the amount of his claim.

The further contention of the appellant that, the plaintiff having filed his lien for his claim, his only remedy was by an action to foreclose such lien, presents an important question. It is insisted by the plaintiff and respondent that, notwithstanding this provision of the Code, he was at liberty to abandon his lien and bring an ordinary action at law against the defendant to recover the amount of his threshing bill, and that in legal effect he had abandoned said lien, and therefore had a right to recover in this form of action. It seems to be the general rule, however, as applied to mechanics' liens, mortgage liens, etc., that the party may abandon his lien and bring an action at law to recover the amount claimed to be due him, without first resorting to the property. 13 Enc. P. & P. 124; Jones v. Clarkson, 16 S. C. 628; Morgan v. Murtha, 17 Misc. Rep. 292, 40 N. Y. Supp. 376. The filing of a lien is not the institution of an action, and hence we see no legal reason why a party, though having filed a claim for a lien, may not abandon the same and bring a common-law action to recover the amount claimed, and thereby, in effect, waive his claim for a lien. The court was clearly right therefore in holding that the action was maintainable, and in directing that, before

judgment should be entered, the lien should be discharged of record.

It is further contended by the appellant that the court erred in allowing the plaintiff, when a witness in his own behalf, to refresh his recollection as to the amount paid him for coal by the defendant, by referring to the complaint in the action. The plaintiff had testified from his own recollection as to the number of bushels of the various classes of grain threshed by him, and he was then asked the following question: "Q. Referring to the complaint, to refresh your memory from the complaint, state how much has been paid for coal by the defendant." This was objected to as an incompetent and improper manner of refreshing witness' recollection on the stand. The objection was overruled and an exception duly taken. His answer was. "Coal, $11.60. The total amount that has been paid is $16.60. At the time of threshing I furnished help of Frank Green, three days' work, amounting to $7. I paid this for Smith. Smith requested me to do this for him. He hasn't paid this $7.00 to me. This makes the total due $73.99." It will be observed that the question referred simply to the amount paid by the defendant, and, though the court overruled the objection, it does not affirmatively appear from the record that the witness referred to the complaint or examined it or testified therefrom, and on the cross-examination of the witness no further reference seems to have been made to this testimony or to the complaint. A memorandum made by another person may be used to refresh the recollection of a witness, provided that, after inspecting it, the witness can testify from his own recollection, or remembers having seen it when his memory as to the facts was still fresh, and recollects that he then knew the statements therein to be correct; and, so far as the record discloses, such may have been the case at bar, as there is nothing indicating that the witness testified from the statements made in the complaint; but, as will be noticed, he states positively as to the facts apparently without regard to anything appearing in the complaint. The matter of refreshing the witness' recollection is within the court's judicial discretion, and, unless there is an abuse of such discretion, the ruling of the court will not be

reversed. Mr. Elliott, in his work on Evidence (volume 2, § 876), says: "As in many other matters occurring on the trial of cases, the method of refreshing the witness' recollection is within the sound discretion of the trial court. The same rule applies as in all other cases involving the right of the party to put leading questions to his own witness. As stated in one case, the examination or relaxation of the rule is within the sound discretion of the court, and from the exercise of the discretion there is ordinarily no appeal." So far therefore as the record discloses in this case, we are of the opinion that the court did not abuse its discretion in its ruling upon this question. See, also, pages 138, 139, 8 Enc. P. & P., and cases cited.

It is further contended by the appellant that the judgment should be reversed in this case for the reason that the contract made between the plaintiff and the defendant was made on Sunday; but this contention is untenable. The plaintiff testified that the contract was entered into on the 3d of the month, which, by the calendar, appears to have been Saturday, and this evidence does not appear to be controverted, so far as the record discloses, on the part of the defendant, and it seems to have been assumed by the court in its charge to the jury that the contract was a legal one, and, although the defendant requested a number of instructions, no request was made by him for any instructions to the jury as to the legality of the contract entered into between the parties. The case seems to have been fairly submitted to the jury, and the amount for which the verdict was rendered for the plaintiff is fully supported by the evidence.

We have not overlooked the other exceptions presented by the counsel for the defendant, but do not deem them of sufficient merit to require a special discussion.

Finding no error in the record, the judgment of the court below is affirmed.