MEYER L. SOLOMON, Appellant, vs. WILLIAM DRESCHLER, Respondent.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

A contract for the sale of liquors without license, and in violation of the provisions of the act of 1855, was an act *contra bonos mores*, and the courts will not lend their aid to enforce a contract thus tainted. It seems that the courts will examine the statute as a whole to find out whether or not the makers of it meant that a contract in contravention of it should be void, or that it was not to be so,—and will not declare the contract void merely because the law inflicts a penalty for doing the act, *which is not, in terms, prohibited*.

Where the complaint shows that the articles sold are of such a character that the sale of them would be invalid without a license, the court knowing the law, it is incumbent upon the Plaintiff to show his authority to sell.

When a debtor makes a payment to a creditor with whom he, has several accounts existing, the debtor may apply it where he pleases. If he makes no specific application, then the creditor may appoint it. If neither do so, the law will apply it according to the justice of the case. But if a person have two demands upon another, one arising out of a lawful contract, and the other out of a contract forbidden by law, and the debtor make a payment which is not specifically appropriated at the time, the law will apply it to the legal demand.

Points and authorities of the Respondent :

*First.*—The burden of proof is always upon the Plaintiff to show that he has a legal claim against the Defendant. Such claim is not shown by Plaintiff showing that he has sold and delivered to the Defendant spirituous liquors of certain value, where the sale of such liquors is prohibited by law, except under a license. In such a case the court, taking judicial notice of the law, will require the Plaintiff to show that he had authority or legal capacity to sell, and until he does this, no indebtedness is shown.

*Second.*—A party can in no case recover upon a contract made in violation of the Statute, and for making which he renders himself liable to fine and imprisonment. *Chitty on Contracts, page 420, and Authorities there cited.*

*Third.*—Where a Plaintiff has brought his action to recover upon several contracts, and some of them appear to be legal and valid, and others to have been made in contravention of the Statutes, and general payments have been made, and no specific application made of the payments, the courts must apply the same upon the legal and valid contracts, for they cannot countenance or reward violations of the public law.

LAWRENCE & LOCHREN, Counsel for Appellant.

SANBORN & LUND, Counsel for Respondent.

*By the Court*—FLANDRAU, J.   The complaint was in the ordinary form for, goods, wares, and merchandise, sold and delivered, with a bill of particulars attached, which showed the articles to be principally spirituous liquors.   The sale was alleged to have been at St. Anthony, in the county of Hennepin.   The answer sufficiently alleges that the Plaintiff had no license to sell spirituous liquors at the time the sale was made, and the Defendant proved it on the trial by calling the Register of Deeds of Hennepin County to the point.

The Judge charged the jury that the allegation in the complaint, of the place where the liquor was sold, concluded the Plaintiff on that point, nothing appearing to the contrary; and that place being within the operation of the license law of 1855, which was in force at the time of the sale, the burden of proof was upon the Plaintiff to show that he was duly licensed to sell liquors, and that he could not recover if the liquors in question were sold without license.   He also charged that as part of the articles were not liquors, and not under the prohibition of the Statute, that the payments which had been made, should be applied first to such lawful articles, if there had been no specific application of them by the parties.   All these points of the charge were severally excepted to by the Plaintiff.

There are two principal questions presented for decision : *First*—Whether the Statute of 1855 renders a contract made in contravention of its provisions irrecoverable ? and, *second*— Where the burden of proof lies to show the violation of the Statute, or in other words, whether the Plaintiff must show that he had a license, or the Defendant must show that he had not ?

The law is now pretty well settled, that where a Statute inflicts a penalty for doing an act, although the act is not prohibited in terms, yet it is thereby rendered unlawful, because the infliction of a penalty implies a prohibition.   *De Begnis vs. Armistead,* 10 *Bing.* 107 ; *Foster vs. Taylor, 3 Nev. &*

*Man.* 224; *same case,* 5 *B. & Ad.* 887; *Cope vs. Rowlands,* 2 *M. & W.* 149; 1 *Bin.* 110; 4 *Serg. & Rawl.* 159; 14 *Mass.* 322.

A distinction has been made between Statutes, which in requiring licenses to engage in a particular business, have in view only the raising of revenue, and Statutes which look to the protection of the public health or morals, or the prevention of fraud in the seller of goods. And it has been held that in the former cases a contract would be valid, although it contravened the provisions of the Statute, (*Johnson vs. Hudson,* 11 *East.* 180; *Brown vs. Duncan,* 10 *Barn. & Cress.* 93; *Griffith vs. Welles,* 3 *Denio,* 226; *Harris vs. Runnels,* 12 *How. U. S. S. C. R.* 79;) while in the latter it would be void. *Law vs. Hodgson,* 2 *Camp.* 147; *Brown vs. Duncan,* 10 *B. & C.* 93; *Foster vs. Taylor,* 3 *Nev. & Man.* 244; *Little vs. Poole,* 9 *B. & C.* 192; *Tyson vs. Thomas, McClel. & Younge,* 119; *Wheeler vs. Russell,* 17 *Mass.* 258; *Bensley vs. Bignold,* 5 *B. & Ald.* 335; *Drury vs. Defontaine,* 1 *Taunt.* 136; *Cope vs. Rowlands,* 2 *M. & W.* 149; *Houston vs. Mills,* 1 *Moody & Rob.* 325. But in *Cope vs. Rowlands,* 2 *M. & W.* 157, Baron Parke overrules this distinction, and says that "if the contract be rendered illegal, it can make no difference in point of law, whether the Statute which has made it so, has in view the protection of the revenue or any other object." And the Supreme Court of the United States in *Harris vs. Runnels,* 12 *How.* 79, say that such is now (1851) the law in England, with many irreconcilable distinctions; leaving the question, in the opinion of the Supreme Court, in such a condition of uncertainty that they conclude the best rule is, to "examine the Statute as a whole to find out whether or not the makers of it meant that a contract in contravention of it should be void, or that it was not to be so." Under this view we will examine the act of 1855.

Section 1, of said act, authorizes the granting of licenses by the County Commissioners of the several counties outside of the Sioux purchases of 1851. Section 2 imposes the conditions upon which such licenses may be obtained; among which, besides the payment of a sum of money, are the giving of a bond of $5000, conditioned that the licensed party will only

sell in a designated building; and not on the Sabbath; that he will not permit any gambling for money in his house; that he will keep a quiet and orderly house, and will not sell to any minor or Indian. Section 3, authorizes suit to be brought on the bond in case of breach. Section 4, provides for the collection of the judgment recovered on the bond. Section 5, imposes a penalty for selling without license. Section 6, allows the County Commissioners to revoke licenses granted by them, at will. The other sections of the act are not material to this examination.

It is quite clear that this act has in view more than the mere raising of revenue. If it had not, it would have been sufficient to have provided for a license at a stipulated sum, and imposed a penalty for selling without one. The bond and its conditions clearly indicate that the object of the act is in the main to protect the public against the evils which are generally supposed to result from the unrestrained traffic in spirituous liquors, and that the revenue is merely an incident. This view is much strengthened by the fact that a violation of the act may be punished by imprisonment as well as fine. We think that a violation of the Statute is an act *contra bonos mores*, and that a court of justice should not lend its aid to help a party to enforce a contract thus tainted. On this point the case of *Griffith vs. Wells*, 3 *Denio*, 226, above cited, is exactly in point; and, in fact, it quadrates with the case at bar in every particular. The complaint was for whiskey and beer. The defence that it was sold without license. The Justice of the Peace gave judgment for the Plaintiff for the value of the liquor. The Common Pleas reversed the judgment, on the ground that the Plaintiff did not show a license to sell liquors, and the Supreme Court sustained the Common Pleas. Where the complaint shows that the articles sold are of such a character that the sale of them would be invalid without a license, the court knowing the law, then it is incumbent upon the Plaintiff to show his authority to sell.

The general rule in regard to the application of payments where there are several accounts existing between the parties is this: The debtor, when he makes the payment, may apply it where he pleases; if he makes no specific application, then

the creditor may appoint it. If neither do so, the law will apply it according to the justice of the case. But if a person have two demands upon another, one arising out of a lawful contract, and the other out of a contract forbidden by law, and the debtor make a payment which is not specifically appropriated at the time, the law will apply it to the legal demand. *Wright vs. Laring*, 3 *B. & C.* 165, *S. C.* 4 *D. & R.* 783.

We can find no error in the case which will authorize any interference with the judgment below.

The judgment is therefore affirmed.