S. D. INGERSOLL

*vs.*

MILES RANDALL.

By *Ch.* 60, *p.* 99, *Laws* 1868, the operating of a threshing machine, the horse power and separator of which are connected by a tumbling rod, is *unlawful* unless the knuckles and rods between the outside horse and machine are boxed or covered and enclosed.　No recovery can be had upon a promise express or implied, the consideration of which is threshing performed with a machine of the character above spoken of, and performed without the knuckles and rods aforesaid being boxed or covered, and enclosed as required by the statute.

Ingersoll v. Randall.

This action was commenced in the district court for Dodge county. The complaint alleges, in substance, that the plaintiff at the instance, and for the use of the defendant, threshed 1,658 bushels of grain; that such threshing was reasonably worth the sum of $69.84, which the defendant promised to pay. One of the defenses set up in the answer was that the threshing was done with a machine, the knuckles and rods appertaining to which were not covered as the law requires. To that portion of the answer containing this defense, the plaintiff demurred, on the ground that it did not contain a defense to the action. The court sustained the demurrer, and the defendant appeals from the order sustaining the same to this court.

S. L. Pierce for Appellant.

I.—Threshing with a machine of the kind designated in the answer is prohibited by the law of 1868. *See Laws of* 1868.

II.—The complaint alleges acts, which, if lawful, would create an implied promise to pay the amount claimed, and avers an express promise to pay the same.

III.—Both express and implied promises must be founded on a lawful consideration. 2 *Sharswood's Blackstone*, 444 ; 1 *Parson's Con.*, 380 ; 2 *Kent*, 466.

IV.—Although it is lawful to thresh grain, it is not lawful to do it in the manner designated in the act of 1868, and the doing it in that manner is a misdemeanor, and the case falls within the rule, that courts will not aid parties to enforce contracts that grow out of the violation of law. *See Wheeler vs. Russell*, 17 *Mass.*, 259. In this case the subject is fully considered.

In *Belden vs. Pitken*, 2 *Caine*, 149, Thompson, justice,

said : " It is too salutary and well settled a principle to be in anywise impugned, that courts ought not to assist an illegal transaction in any respect. Whenever the consideration which is the ground of the promise, or the promise, which is the effect or consequence of the consideration is unlawful, the whole contract is void."

V.—There is no room to doubt that the intention of the legislature was to entirely prohibit the use of the kind of machine used by the respondent, until the provisions of the act had been complied with, this being so and the doing of the work sued for was a violation of the law, and the respondent cannot sustain his action. *Ætna Insurance Co. vs. Harvey,* 11 *Wis.,* 394.

A. J. EDGERTON for Respondent.

I.—When the contract itself does not violate the statute, but some incidental illegality occurs in carrying it into effect, the contract is good, and may be made the subject matter of an action, notwithstanding the breach of the law which has occurred in carrying it into effect. *Smith, Law of Contracts, pages* 151, 152, 153.

II.—If the contract is innocent, and in carrying it out there is a violation of the statute, this does not avoid the contract, though the offender may be punished for a violation of the law. *Branch Bank vs. Crocheron,* 5 *Ala. Rep.* *p.* 250 ; 4 *U. S. Digest, p.* 69, *sec.* 258.

III.—It is admitted, that had the plaintiff contracted to do the threshing in violation of the statute, he could not recover ; but this is not claimed. The defendant, by his answer, admits that the contract was innocent but that in carrying it out an incidental illegality occurs, while the case

of *Wheeler vs. Russel*, 17 *Mass.*, on which the appellant relies, the contract was illegal, and the decision is, in the words of the Chief Justice, that " No principle of law is better settled than that no action will lie upon a contract made in a violation of a statute or a principle of the common law. "

In this case both the contract and the consideration were legal.

*By the Court—*BERRY, J.—*Sec.* 1, *Ch.* 60, *p.* 99, *Laws* 1868, makes it the duty of any person having and operating a threshing machine, the horse power and separator of which are •connected by a tumbling rod, to box or cover and inclose the knuckles and rods between the outside horse and the machine, with a board box, so that no part thereof shall be exposed, whereby persons shall be liable to be injured when the machine is in operation.

*Section* 2 provides that any person who shall refuse or neglect to comply with the foregoing requirement, shall be deemed guilty of a misdemeanor, and shall be fineable in a sum not exceeding fifty dollars. The complaint states that the plaintiff, in the fall of 1868, at the request of and for the use of the defendant, threshed 1658 bushels of grain ; that said threshing was reasonably worth $69.84, and that the defendant promised to pay the plaintiff that sum. The threshing was then the consideration of the promise. One defense set up in the answer is that the threshing was done with a threshing machine the knuckles and rods appertaining to which were not covered as the law. requires. This is a good defense. As remarked in *Solomon vs. Dreschler*, 4 *Minn.*, 279, " where a statute inflicts a penalty for doing an act, although the act is not prohibited in terms, yet it is thereby rendered unlawful, because the infliction of a pen-

Ingersoll v. Randall.

alty implies a prohibition." See also *White vs. Burr*, 3 *Cushing*, 449 ; *Griffith vs. Wells*, 3 *Denio*, 226 ; *Miller vs. Post*, 1 *Allen*, 434 ; *Cundell vs. Dawson*, 4 *Manning, Granger and Scott*, 376. The statute before cited not only makes it a duty to cover the knuckles and rods, but it makes neglect or refusal so to do a misdemeanor to which a penalty is affixed. The plaintiff, then, in operating his threshing machine in threshing for the defendant without covering the knuckles and rods, was doing that which is prohibited by law. The threshing which was the consideration of the defendant's promise was unlawful, and therefore will not support the promise. *Bensley vs. Bignold*, 5 *B. & Ad.*, 335 ; *Cunard vs. Hyde*, 105 *E. C. L.*.1 ; *Chitty on Contracts*, 658 *and note* (" *h*"); *Armstrong vs. Toler*, 11 *Wheat.*, 272, *and cases supra; Emery vs. Kempton*, 2 *Gray*, 257. The statute was doubtless enacted in view of the loss of life, and severe personal injuries frequently resulting from the use of these machines with exposed rods and knuckles. And the object (as the law shows upon its face) was to prevent such accidents, by prohibiting and preventing these machines from being operated unless the precautions prescribed were taken. It was a matter of *public policy* that such precautions should be taken, and the law is based, as are many other penal laws, upon the interest of the State in the personal safety and welfare of the citizen. It stands upon the same principles as the law treated of in *Solomon vs. Dreschler*, 4 *Minn.*, 278.

It was said by Lord Tenterdon in *Wetherill vs. Jones*, 3 *B. & Ad.*, 221, that " where a contract which a plaintiff seeks to enforce is expressly or by implication forbidden by the statute or common law, no court will lend its assistance to give it effect, and there are numerous cases in the books where an action on the contract has failed, because either

the consideration for the promise or the act to be done was illegal, as being against the express provisions of law, or contrary to justice, morality and sound policy. *But when the consideration and the matter to be performed are both legal, we are not aware that a plaintiff has ever been precluded from recovering by an infringement not contemplated by the contract in the performance of something to be done on his part.* " See also *Smith's Law of Contracts*, 151–154, (31 *Law Library*.) We do not discover that the doctrine, or rather *dictum*, announced in the language which we italicise above, is recognized by other text writers upon the law of contracts, nor in other adjudged cases, and the case of *Cundell vs. Dawson supra*, seems to cast some doubt upon its soundness, but conceding it to be good law, (for argument's sake), it will not aid the plaintiff in this case. This action is founded upon a *promise*, the *consideration* of which is the threshing performed by the plaintiff at defendant's request. Though this promise may have been *express*, it cannot for that reason stand upon any better footing than if it had been *implied* by law. The whole basis of the alleged cause of action, to-wit, the plaintiff's services in threshing, the whole and only consideration for the alleged promise and obligation of the defendant, was a constant and direct violation of the law. It has also been said that where an illegality occurs in some matter *collateral* to the contract, the contract is not thereby rendered illegal. See *Warren vs. Manuf. Ins. Co.*, 13 *Pick.*, 522; *Boardman vs. M. F. Ins. Co.*, 8 *Cush.*, 585 ; *Ocean Ins. Co. vs. Polleys*, 13 *Peters*, 164 ; *Ferguson vs. Norman*, 5 *Brigham*, *N. C.* 76 ; *Cope vs. Rowlands*, 2 *M. & W.*, 149 ; *Redmond vs. Smith*, 7 *Mans. & Gr.*, 471. But this doctrine can have no application where the illegality, as in the case at bar, taints the entire consideration of the promise sought to be enforced.

The demurrer to this defense was therefore improperly sustained, and the order sustaining it is accordingly reversed.

GILFILLAN, Ch. J.—I am obliged to dissent from the decision in this case.