## JOHNSON et al. v. BERRY et al.

A person who, pursuant to contract of employment, threshed an owner's grain with a steam threshing machine without complying with Rev. Pol. Code, § 3145, making it unlawful for one to use a steam thresher without first entering into a bond, conditioned on his paying all damages from fire, etc., is not entitled to recover the compensation contracted for, when the evidence did not show that the owner was aware of the failure to comply with the statute, though he accepted the benefits of the contract.

(Opinion filed, Nov. 1, 1905.)

Appeal from Circuit Court, Clark County. Hon. JULIAN BENNETT, Judge.

Action by A. M. Johnson and another, doing business under the firm name of Johnson & Johnson, against John Berry and another. From an order granting a new trial after verdict for plaintiffs, they appeal. Affirmed.

*S. A. Keenan,* for appellants. *C. G. Sherwood,* for respondents.

FULLER, P. J. Appellants prosecute this appeal from an order granting respondents a new trial in an action based upon an inseparable threshing contract, the performance of which was unlawful, and expressly declared to be a misdemeanor, because in direct violation of section 3145 of the Revised Political Code, enacted as follows: "It shall be unlawful for any person to use a steam threshing machine in this state until he shall first enter into a bond with good and sufficient surety, in the sum of five hundred dollars, payable to the state; said bond to be approved by and filed with the clerk of the circuit court of the county where he resides, in case he is a resident of this state; and if he be a non-resident, with the State Auditor, conditioned to pay all damages arising from any fire caused by him in violation of the provisions of this article, and for any unlawful damages done to or caused by any telegraph or telephone line by the moving of any traction engine, threshing machine or other vehicle or thing along or across any public highway." That the foregoing section and other provisions of the same statute were designed for the protection of the general public is plain from the fact that a person owning or operating a steam threshing machine is obliged to thoroughly extinguish the fire before leaving his engine for any purpose, and for all loss occasioned by burning or otherwise

injuring property, while threshing grain or moving the outfit from place to place, he is expressly required to respond in damages to the owner. The exaction of a bond, payable to the state for the protection of her citizens, before any threshing by the use of steam can be lawfully done, is consonant with sound public policy, and the frequency of disastrous fires resulting from the negligent and or unskillful use of these engines suggests the necessity of a statute prohibiting such threshing as that for which appellant seeks to recover by making the same a public offense. In holding that no recovery could be had on a contract, the execution of which is impliedly prohibited by the infliction of a penalty for the use of a threshing separator operated by horse power without boxing the tumbling rod, the Minnesota court quote with approval from Lord Tenterden as follows: "Where a contract which a plaintiff seeks to enforce is expressly or by implication forbidden by the statute or common law, no court will lend its assistance to give it effect, and there are numerous cases in the books where an action on the contract has failed, because either the consideration for the promise or the act to be done was illegal as being against the express provisions of law, or contrary to justice, morality and sound policy." Ingersoll v. Randall, 14 Minn. 400 (Gil. 304). In the case of Penn. v. Bornman, 102 Ill. 523, the court say: "The general rule is that all contracts made in violation of an express statutory provision are inoperative and void, and no recovery can be had upon them though the defendant is a party to the violation of the law, in the absence of fraud or bad faith on his part upon which to found an estoppel."

For the most cogent reasons, the same doctrine has been recognized and universally applied to similar cases, and from one of such we quote as follows: "Questions upon illegal contracts have arisen very often, both in England and in this country; and no principle is better settled than that no action can be maintained on a contract, the consideration of which is either wicked in itself, or prohibited by law." Armstrong v. Toler, 11 Wheat. 258. The following cases are to the same effect: Alexander v. O'Donnell, 12 Kan. 608; Woods v. Armstrong, 25 Am. Rep. 671; Griffith v. Wells, 3 Denio, 226; Short v. Mining Co., 20 Utah, 20, 57, Pac. 720, 45 L. R. A.

603; Miller v. Post, 1 Allen, 434; Allen v. Hawks, 13 Pick. 79; Soloman v. Dreschler, 4 Minn. 278; Springfield Bank v. Merrick et al., 14 Mass. 321. Although the evidence before us affords no reasonable ground for the claim that respondents were aware of appellants' failure to file the required bond, and the exact question is therefore neither presented nor decided, the foregoing cases and that of Dillon v. Allen, 46 Iowa, 299, 26 Am. Rep. 145, are authority to the point that full knowledge on respondent's part, together with the acceptance of the benefits of the contract, would not be sufficient to justify its enforcement, even though the statute does not declare the same void, but merely inflicts a penalty for the violation of its terms.

The doctrine of the foregoing cases applied to the facts in this case demonstrates error in reaching the verdict in favor of appellants, and the order of the court below granting a new trial is therefore affirmed.

.HANEY, J., concurs only in the conclusion that the order appealed from should be affirmed.