## CONRAD SEIPP BREWING CO. v. GREEN et al.

Under Rev. Pol. Code, § 2834, requiring a license for all who engage in the sale of malt liquors at wholesale, section 2835 providing that wholesale dealers include all who sell, or offer for sale, liquors in five gallon quantities or more, and section 2838, making the violation of section 2834 a misdemeanor, plaintiff was engaged in unlawfully offering beer for sale where its resident soliciting agent took orders in this state for a car load of beer, to be shipped in more than five gallon quantities to persons in various towns in the state, and received payment therefor, without plaintiff having taken out a license, though the written order provided that all sales were understood to be consummated in another state, and the order was not binding until accepted by plaintiff in such state.

A contract for the sale of beer at wholesale made in violation of a statute, by which such sale within the state without a license was a misdemeanor, was void.

The seller could not recover upon a contract for the price of beer sold under a contract which was void because made in violation of a statute making its sale within the state without a license a misdemeanor.

(Opinion filed, Sept. 4, 1909.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Action by the Conrad Seipp Brewing Company against John J. Green and another, co-partners, as Green & Hart, and another. From a judgment for defendants dismissing the action, plaintiff appeals. Affirmed.

*Bruell & Morris,* for appellant. *Sterling & Clark,* for respondents.

CORSON, J. This is an appeal by the plaintiff from a judgment upon a directed verdict in favor of the defendants. The action was instituted by the plaintiff to recover of the defendants the price of a car load of beer alleged to have been sold the defendants by the plaintiff in the city of Chicago, in the state of Illinois. It is alleged among other things, in the answer, and as a defense to the action, that the plaintiff is a corporation engaged in the manufacture of brewed and malt liquors and engaged in the business of selling and disposing of the same at wholesale; that, in entering into and making the alleged contract set out in the complaint, said plaintiff was engaged in the business of selling such brewed and malt liquors at wholesale within the state of South Dakota; that, at the time of the making of such sale, the said corporation had no license for the sale of such liquors at wholesale or otherwise, as provided by section 2834 of the Revised Political Code of this state; and that such contract for the sale of such liquor was void and of no effect.

It was disclosed by the evidence at the trial that one James McCallum was employed by the plaintiff company during the summer of 1906 as a solicitor; that the order for the beer was received from the defendants at Redfield in this state. On cross-examination said McCallum testified, in substance, that the order was taken by him in April or May; that he had been soliciting orders in this state for about a month for the company prior to the order from the defendants; that he was working in that neighborhood as soliciting agent for the plaintiff. The order is, in substance, as follows: "The Conrad Seipp Brewing Company, Chicago, Gentlemen: Please ship subject to terms and conditions printed on the back hereof, on my account, f. o. b. cars at Chicago." Here follows a designation of the various quantities of beer to be shipped, and certain other conditions not necessary to be mentioned, and upon the back of the order, among other things, is the following: "No order or agreement for the purchase of beer will be considered as binding upon this Company until received and accepted at the general Office in Chicago. All sales of beer, however ordered, delivered or paid for are understood and agreed to be made and fully consummated in Chicago, Illinois. All shipments will

be made f. o. b. Chicago, and are at the risk of the purchaser from the moment when delivery is made to a Regular Common Carrier.'' The order purports to be signed by the defendants, Joseph F. Joyce, Green, and Hart, and by James A. McCallum, salesman. It is further disclosed by the evidence that portions of the beer received by the defendants amounting to some 80 cases, was shipped to various parties in lots exceeding 5 gallons in the surrounding towns by direction of the said McCallum, the soliciting salesman or agent who took the order from the defendants for the car load of beer. Four of the receipts for the money for the beer shipped to the various parties in the surrounding towns were signed by McCallum in behalf of the plaintiff. At the close of all the evidence the defendants made the following motion for the direction of a verdict: "At this time the defendants move the court to direct a verdict for the defendants upon all the issues in this case, for the reason that it appears from the undisputed testimony that the contract sued upon was an illegal contract and one made in violation of the wholesale license laws of this state, and for the further reason that it appears from the testimony of the plaintiff's witnesses and the admission of the plaintiff that the portion of the consignment sued upon was sold in wholesale quantities by the plaintiff through its agent, and that the plaintiff knew that shipment of beer was for the purpose of reselling it in wholesale quantities contrary to the statutes of the state of South Dakota, and that the plaintiff through its lawful authorized agent participated in such sale without having a wholesale license therefor, and received payment for such sale." This motion was granted, and by direction of the court the jury returned a verdict in favor of the defendants, and thereupon a judgment of dismissal was entered by the court, from which this appeal is taken.

It is contended by the appellants that the order did not become a contract until it was accepted and ratified by the plaintiffs at Chicago, Ill., and that the contract being entered into at Chicago, and consummated at that place by the delivery to the defendants of the beer f. o. b. Chicago, the contract was a valid and binding contract, and should be enforced by the courts of this state.

It is contended by the defendants in support of the ruling of the court below that McCallum, who took the order for the beer, was the regular solicitor and salesman of the plaintiff in this state;

that the plaintiff through him was engaged in selling beer at wholesale, and that plaintiff had no license in this state for the sale of the same at wholesale or otherwise; that, upon the receipt of the beer by the defendants, the agent McCallum instructed and ordered the defendants to ship certain quantities thereof, in each case more than five gallons, to various retail dealers in intoxicating liquors in South Dakota, and that, in pursuance of such instructions or orders, beer was shipped to such retail dealers at the towns of Mellette, Ashton, Frankfort, Doland, Zell, and Rockham, in said state; that the contract therefore, sued upon in this action was an illegal contract, having been made in violation of the license laws of this state, and that being an illegal contract, no recovery thereon could be had by the plaintiffs.

It is further contended by the defendants that the acts of McCallum as salesman or solicitor of the plaintiff were in legal effect the acts of the plaintiff. It is provided by section 2834, Rev. Pol. Code, that all parties engaging in the sale of brewed and malt liquors at wholesale shall pay a license of $150. Section 2835 provides: "Wholesale dealers shall be held and deemed to mean and include all persons who sell or offer for sale, or deliver such liquors or beverages in quantities of five gallons or more at any one time to any one person or persons." And by section 2838 it is provided that any person violating the provisions of section 2834 shall be guilty of a misdemeanor. It is clear from the undisputed evidence in this case that the soliciting salesman or agent of the plaintiff was engaged in the business of offering for sale in the state of South Dakota on behalf of the plaintiff malt or brewed liquors in quantities in excess of five gallons. It is also undisputed that the plaintiff had paid no license to the treasurer of Spink county, in which the town of Redfield is situated. It seems to be clearly established, therefore, that the plaintiff was engaged in unlawfully offering for sale in this state the beverages prohibited to be sold unless a license fee has been paid as required by the statute.

It is contended by the defendants that, where the statute provides that the violation thereof shall constitute a misdemeanor, it is clear that the Legislature intended to make contracts in violation of the statute illegal, and that all contracts so made in violation of the statute are void. The contention of the defendants is fully supported by the authorities. Bell v. Quin, 2 Sand. (N. Y.) 146;

Allen v. Hawks, 13 Pick. (Mass.) 79; Durgin v. Dyer, 68 Me.
143; Dillon v. Allen, 46 Iowa, 299 26 Am. Rep. 145; 1 Eng. &
Am. Ann. Cas. 331; Widoe v. Webb, 20 Ohio St. 431, 5 Am. Rep.
664; Armstrong v. Toler, 11 Wheat. 258, 6 L. Ed. 468; Ingersoll
v. Randall, 14 Minn. 400; Solomon v. Dreschler, 4 Minn. 278
(Gil. 197). In Pinney v. First Nat. Bank, 68 Kan. 223, 75 Pac.
119, and reported in 1 Am. & Eng. Ann. Cas. 331, the learned Su-
preme Court of Kansas held: "Where a statute expressly provides
that a violation thereof shall be a misdemeanor, a contract made in
direct violation of the same is illegal, and there can be no recovery
thereon, although such statute does not in express terms prohibit
the contract or pronounce it void." And in the note to that case
the learned author in reviewing this decision says: "Where, as in
the reported case, a statute provides that a violation thereof shall
be a misdemeanor, it is reasonably clear that the Legislature in-
tended to make contracts violating the statute illegal, and the courts
will so hold." And the learned author further says: "The holding
in the reported case is the general rule by the great weight of au-
thority." In support of this the learned author cites a large num-
ber of English and American cases, including the Supreme Court
of the United States, and the states of Alabama, Arkansas, Con-
necticut, Delaware, Indiana, Iowa, Massachusetts, Minnesota, New
York, Ohio, New Hampshire New Jersey and Missouri. This is
the view taken by the late territorial Supreme Court in Uhlig v.
Garrison, 2 Dak. 71, 2 N. W. 253, and by this court in Johnson v.
Berry, 20 S. D. 133, 104 N. W. 1114, 1 L. R. A. 1159; Ameri-
can Copying Co. v. Eureka Bazaar, 20 S. D. 526, 108 N. W. 15,
9 L. R. A. 1176. The other questions presented in the briefs of
counsel in the case at bar come clearly within the principles of the
case of Delamater v. State, 205 U. S. 93, 27 Sup. Ct. 447, 51 L.
Ed. 724, 10 Am. & Eng. Ann. Cas. 733, and the decision of this
court in the same case reported as State v. Delamater in 20 S. D.
23, 104 N. W. 537, 8 L. R. A. (N. S.) 774. In view of the fact
that these questions are so fully discussed in that case and in the
note to the same in 10 Am. & Eng. Ann. Cases, supra, we do not
deem it necessary to again review the authorities bearing upon the
questions presented.

Our conclusion is that the court in directing a verdict in favor
of the defendants was clearly right, as the contract sought to be en-

forced was in direct violation of the laws of this state relating to the sale of intoxicating liquors; the plaintiff through its agent McCallum being engaged in the business of offering for sale in this state malt and brewed liquors, for which a license is required, in violation of the laws of this state. The claim made by the plaintiff that it was not engaged in the business of selling malt and brewed liquors in this state is clearly disproved by the fact that it had an agent here engaged in the business of offering for sale, and receiving payment for malt and brewed liquors sold within the state by the order of the plaintiff through its agent.

The judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J., took no part in the decision.