## Neuman, Appellant, *v.* Wenger.

Argued January 15, 1932. Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Hiram B. Calkins,* with him *Horace Michener Schell,*
for appellant.

*Yale L. Schekter,* for appellee, was not heard.

PER CURIAM, February 3, 1932:

Plaintiff sued to recover the value of a fur coat left
with defendant for storage, and appeals from refusal of
the court below to enter judgment for want of a suffi-
cient affidavit of defense.

The statement of claim avers that on May 19, 1930,
the coat was left, together with other articles of fur
wearing apparel, at defendant's place of business for
safe-keeping in cold storage, under the terms of a writ-
ten contract in which he agreed, for a consideration, to

keep the coat free from moths and insured against fire or theft until November 15, 1930, the value being listed at $4,000. Plaintiff avers that on or about November 1, 1930, she called for the coat and was advised that, after thorough search, it could not be found; and, upon further demand the article in question not being returned and defendant refusing to reimburse her in the sum of $4,000, its listed value in the storage contract, this action was brought.

The affidavit of defense admits receipt of the garment for storage on the terms named by plaintiff, but denies she called for it on November 1st as averred, and further sets forth the coat was called for on or about November 18, 1930, at which time it was taken out of cold storage and left with defendant, by plaintiff, for repairs, without continuance of insurance. Under the latter averment, if established by evidence, the question arises as to whether or not defendant exercised proper care in the safe-keeping of the coat: Moon v. First Nat. Bank of Benson, 287 Pa. 398. Defendant also contends the actual value of the coat did not exceed $3,000, and it could be replaced for that sum.

Facts being in dispute as above indicated, the court below properly held plaintiff was not entitled to summary judgment and discharged her rule: Windisch v. First Camden Nat. Bank & Trust Co., 306 Pa. 193, and cases there cited.

The order of the court below is affirmed.