## Ressler, Appellant, *v.* Marks et al.

Argued May 10, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John B. Brooks,* with him *Alban W. Curtze* and *I. J. Silin,* for appellant.—The failure to comply with the requirements of the Act of May 7, 1907, P. L. 175, will not prevent a nonresident broker from collecting a commission for acting as agent in a single leasing transaction in Pennsylvania: Com. v. Am. Tobacco Co., 173 Pa. 531; Meyer v. Wiest, 250 Pa. 573; Chadwick v. Collins, 26 Pa. 138; Raeder v. Butler, 19 Pa. Superior Ct. 604; Kenyon v. Bloeser, 100 Pa. Superior Ct. 25; Callaway v. Prettyman, 218 Pa. 293.

It is contrary to the Constitution of the United States to discriminate against a citizen of New Jersey by preventing him from recovering without first paying a license tax, and permitting a citizen of Pennsylvania to recover without paying a tax, when both perform the same act: Coles v. Meade, 5 Pa. Superior Ct. 334; Yedinskey v. Strouse, 6 Pa. Superior Ct. 587; Webb v. Rachmil, 75 Pa. Superior Ct. 193; Meyer v. Wiest, 250 Pa. 573; Kenyon v. Bloeser, 100 Pa. Superior Ct. 25; Slaughter House Cases, 16 Wall 36; Paul v. Virginia, 8 Wall. 168.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* with him *Charles P. Hewes* and *Charles G. Brevillier,* for appellees.—The procuring of a license by a real estate broker is a condition precedent to the lawful transaction of business, and consequently to the recovery of compensation for services rendered: Luce v. Cook, 227 Pa. 224; Meyer v. Wiest, 250 Pa. 573; Gonnelli v. Magazzu, 97 Pa. Superior Ct. 595; Lessy v. Fletcher, 89 Pa. Superior Ct. 521; Sherman v. Welsh, 87 Pa. Superior Ct. 282; Hazel Drug Co. v. Wilner, 284 Pa. 361.

The exception as to individual transactions is not applicable to the facts in this case: Webb v. Rachmil, 75 Pa. Superior Ct. 193.

Opinion by Mr. Justice Schaffer, June 30, 1932:

In this case the court entered judgment for defendant on the pleadings; plaintiff has appealed.

The action was assumpsit to recover a commission on the rents of a property in the City of Erie owned by defendants, for which plaintiff claims he procured a tenant in pursuance of a verbal contract with defendants, under which he was to be paid a commission of $11,550, two per cent of the aggregate rentals, which, for the twenty-one years of the lease, would amount to $577,500. Defendants filed an affidavit of defense, in which, under the head of new matter, it was averred that the plaintiff at the time of the transaction for which he claimed commissions was a regular real estate broker located in the City of Newark, State of New Jersey, engaged in the leasing of real estate throughout the United States. It was set forth that defendants were advised by counsel that before the plaintiff could lawfully enter into a contract for the doing of a real estate business as a broker in this Commonwealth, or for leasing the premises of defendants in the City of Erie, he was bound to pay a mercantile broker's license fee assessed by the Commonwealth and take out a license authorizing him to do a broker's real estate business therein (Act of May 7, 1907, P. L. 175, section 1, 72 P. S. section 2901), and that plaintiff had not paid such a tax or taken out a license, and, therefore, was not entitled to recover. To these averments a reply affidavit was filed by plaintiff in which he admitted that at the time when the lease was negotiated he was a regular real estate broker in Newark, New Jersey, and did make leases of real estate in different parts of the United States. He denied that he was engaged in the real estate brokerage business in

Pennsylvania and that he was bound to pay a license fee in this State and take out a license here.

Defendants moved for judgment in their favor for want of a sufficient reply to the new matter contained in their affidavit of defense as provided in the Act of April 22, 1929, P. L. 627, section 17, and the court below, being of opinion that all brokers, no matter whence they hail, must pay a tax if they do any business in this State and that, if a person is actually engaged in business as a broker, the procuring of a license is a condition precedent to the lawful transaction of business and consequently to the recovery of compensation for services, entered judgment on the pleadings in defendants' favor.

If plaintiff was actually engaged in carrying on the business of a broker in this State, the conclusion of the court would be right, irrespective of where his office was or whether he maintained an office in this Commonwealth. On the pleadings, however, it cannot be said that he was carrying on a brokerage real estate business here, or that the present transaction was not the only one in which he engaged in this State. We are not prepared to hold that a single transaction would subject him to the tax here, or require him to take out a license before he could recover for his services. We held in Meyer v. Wiest, 250 Pa. 573, that compensation might be recovered for services rendered in a single transaction of buying or selling real estate or other property for another where the business or occupation of the claimant was not that of a broker. In that case the plaintiff was a resident of New York City and carried on a brokerage business there. The question determining the case was whether the trial judge erred in charging the jury that if they found plaintiff was carrying on business as a merchandise broker in Pennsylvania without a license, he would not be entitled to recover his commission. It was said in the course of the opinion that whether under the facts of a particular case a person is carrying on the business of a broker is for the jury.

It appeared on the trial that the plaintiff had at one time maintained an office in the City of Wilkes-Barre. He was asked on cross-examination, whether during the time the sale of the defendants' store was pending for which he was claiming the commission, he had a broker's license in Pennsylvania. In passing on the assignment of error covering this question, we said: "Had there been no evidence tending to show he was carrying on the business of a merchandise broker in this State, the objection to the question might have been well founded, but upon the introduction of evidence tending to show that he was doing business in this State in violation of the provisions of our statutes, the question whether or not he had obtained a license, immediately became relevant and material."

Our conclusion is that the instant case is not such a clear one as should have been disposed of on the pleadings (Neuman v. Wenger, 306 Pa. 272, 274) but that it should go to trial at which, with all the facts developed, it can be seen whether the transaction on which plaintiff's claim rests was an isolated one, or whether he was doing business in this State in violation of the provisions of our statutes.

The judgment is reversed with a procedendo.