ST. PAUL, Justice.
 

 This is a suit for the recovery of commissions accrued for the selling of certain real estate. The principal defense relied upon, and that sustained by the trial judge, is that the plaintiffs, at the time they negotiated the sales, had not complied with and been licensed' under the provisions of Act No. 236 of 1920.
 

 To this defense plaintiffs urge: (1) That Act No. 236 of 1920 is unconstitutional because it has two objects, both of which are covered by the title and both included in the body of the act; (2) that the act excludes from its provisions persons holding a power of attorney from the owner, and that they held such a power of attorney; ■ (3) that the act does not deny the right to recover to a broker who has not qualified under the act before doing the business but does so before bringing his suit; and (4) it is also urged that the act does not graduate the license as required by the Constitution.
 

 I.
 

 Article 10, § 8 (page 84), Const. 1921, which provides that “license taxes
 
 may toe
 
 classified, graduated or progressive’’ (and which, incidentally, does not seem -to require that they
 
 must toe),
 
 has no application except to
 
 license taxes
 
 for raising revenue. The sum required for a license to conduct the business regulated by the act is what the act declares it to be (section 14), a fee for the issuance of the license, which shall not exempt the licensee from paying the regular license or occupational taxes levied by state, parish, or municipality.
 

 II.
 

 Whatever the form given to the act and to its title, the substance of it all is that the act undertakes to regulate brokers who negotiate the purchase and sale of real estate and business chances. The act might have undertaken to regulate
 
 all
 
 brokers, or other brokers than those named, without violating the unity of purpose required by the Constitution. But the act did not undertake to regulate any other brokers than those who negotiate the purchase and sale of real estate and business chances; and there is nothing in the Constitution requiring it to do so.
 

 It is clearly within the province of the Legislature to classify and group and regulate such businesses as in its opinion should be classified and grouped and regulated together. And when it does so, it is not for the courts to say that such businesses should be classified and grouped in a different manner and regulated by separate acts. We think the act is not open to the objection that it violates the unity rule of the Constitution.
 

 III.
 

 The act (section 2) declares that its provisions shall not apply to those who “as
 
 *859
 
 owner or lessor, shall either individually or through an employee or representative not otherwise engaged in the real estate business perform any of the acts aforesaid with reference to property owned by them,” nor to persons “holding a duly executed power of attorney from the owner for the sale, leasing or rental of real estate,” nor to an attorney at law rendering services to a client.
 

 Reading these provisions together, we think that the person “holding a duly executed power of attorney from the owner” means one “not otherwise engaged in the business of real estate,” who is acting as the “alter ego” of an owner in an isolated transaction. It does not mean that one who is engaged in the business of real estate broker may exempt himself from the operation of the act by taking in each instance a power of attorney from the owner whose property he is seeking to sell. If the act meant this, it would soon be worthless as' a piece of legislation, for brokers would then in all cases take some formal power of attorney, instead of an informal authority to sell, as they do now. And in this case plaintiffs are engaged, generally in the real estate business; and the fact that their contract with the owner made them the “exclusive selling agents * *
 
 *
 
 with the power, purpose, and exclusive right, in their discretion, to sell according to the attached contract [which provided that the final deed should be executed by the owner],” does not change the situation. They were not the persons “holding a power of attorney” contemplated by the act, but were purely and simply brokers engaged in selling real estate for the owner, though with the exclusive right to do so.
 

 IV.
 

 The act provides that it shall be unlawful to engage in the business it purposes to regulate without complying with its provisions. It further provides that any one who has not been licensed in accordance with its provisions shall not be allowed to recover for any fee, claim, or charge for brokerage in the courts of the state. The fact that the act prescribes a heavy penalty for any violation of its provisions does not detract from the force of this provision. That provision appears to us clear and unequivocal; and we cannot give to it the forced construction contended for by plaintiffs, to wit, that the unlawfulness of the transaction at the time it was entered into is, in effect, wiped out by a subsequent compliance with the provisions of the act.
 

 “No principle of law is better settled than that a party to an illegal contract or an illegal transaction cannot come into a court of law and ask it to carry out the illegal contract or to enforce rights arising out of the illegal transaction.” Wise v. Radis, 74 Cal. App. 765, 242 P. 90, 94.
 

 The fact that our statute has omitted an additional provision found in some other statutes, that no person coming within the provisions of the act shall be allowed to recover without alleging and proving that he was qualified under the act at the time his alleged cause of action arose, does not alter the matter. It simply means that our lawmakers thought it proper to leave the matter to be urged as a defense instead of by demurrer ; believing, possibly, that there were some who might not wish to urge a defense of that kind against an otherwise equitable
 
 *861
 
 claim. But this defendant has chosen to do so, and we are constrained to hold it good. The trial judge so thought, and we see no error.
 

 Decree.
 

 ' Eor the reasons assigned the judgment appealed from is affirmed.
 

 OVERTON, J., dissents on the ground that plaintiffs held a power of attorney to sell and come within the exception to the act.