**Emil HORWITZ, Plaintiff,**

v.

**FOOD TOWN, INCORPORATED, and
Elmo Harelson, Defendants.**

**Civ. A. No. 2535.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

May 6, 1965.

R. Boatner Howell, Jr., Joe E. Lipsey,
Jr., Baton Rouge, La., for plaintiff.

Gordon M. White, Hamley May, Baton
Rouge, La., for defendants.

WEST, District Judge:

Plaintiff, who alleges that he is a resi-
dent of New York, and a duly licensed

real estate broker under and pursuant to the laws of the State of New York, brings this action to recover the sum of $100,000 from defendants, citizens of the State of Louisiana, which sum he alleges is due him as a brokerage commission. The commission is due, he alleges, as a result of his efforts to find a purchaser for defendants' property, the business known as Food Town, Incorporated, located in Baton Rouge, Louisiana. He admits that he is not licensed as a real estate broker under the laws of Louisiana.

This suit was filed in November, 1961, and defendants filed an answer in December, 1961. At the same time that the answer was filed, defendants filed a motion to dismiss for failure to state a claim against defendants upon which relief could be granted. This motion was denied by the Court on January 28, 1963. Since that time much discovery by way of written interrogatories and depositions has been taken, and many exhibits filed in the record. On February 25, 1965, defendants filed a motion for summary judgment, and reurged therein, as grounds therefor, that the plaintiff's complaint fails to state a claim against defendants upon which relief can be granted. A pre-trial conference was held, at which time the Court requested both counsel to file briefs in connection with defendants' motion for summary judgment. A hearing was then held and oral arguments heard on this motion. Now, after due consideration of the entire record herein, and the briefs and arguments of counsel, and the law pertaining thereto, the Court is of the opinion that defendants' motion for summary judgment must be granted on the ground that the plaintiff's complaint does fail to state a claim upon which relief can be granted by this Court.

■ Plaintiff's contention that the motion comes too late is without merit. Actually, defendants filed a motion to dismiss at the time they filed their answer in December of 1961. The specific grounds now relied upon were not urged at that time, and hence, the motion was, at that time, denied. But pursuant to the provisions of Rule 12(h) of the Federal Rules of Civil Procedure, the defense of failure to state a claim upon which relief can be granted may be made by subsequent pleadings, even after answer is filed, or it may even be urged upon the trial of the case on its merits. There is no prohibition against this defense being urged as grounds for a motion for summary judgment, as is being done here. And even if there were, in the present case, this Court would consider the present motion as a motion for reconsideration of the Court's prior denial of defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure are specifically designed to be flexible enough to allow substantial justice to be done in any given case.

■ As to the merits of defendants' motion, the law seems to be clear. This is a case of a non-resident of Louisiana, who is not licensed under the Louisiana Real Estate and Business Brokers Act, LSA–R.S. 37:1431 et seq., attempting, by legal process, to collect a brokerage fee. There is no disputing the fact that the services for which the plaintiff here claims his fee or commission were services allegedly performed by him as a "business chance broker" as defined in LSA–R.S. 37:1431(2). It is undisputed that the plaintiff, as a non-resident of Louisiana, has never obtained a Louisiana broker's license as permitted by LSA–R.S. 37:1440(A) (B).

Title 37 of Louisiana Revised Statutes, Section 1437, provides:

"No person shall engage in the business or capacity, either directly or indirectly, of a real estate broker, a real estate salesman or a business chance broker unless he has a license under the provisions of this Chapter."

Thus, if the plaintiff was, in fact, engaged in such activities in the State of

Louisiana, without a license, he was doing so in violation of Louisiana law, and hence could not legally recover any fees allegedly earned thereby.

Title 37 of Louisiana Revised Statutes, Section 1450, provides:

"No person, not licensed in accordance with the provisions of this Chapter, shall recover any fee, claim or charge for brokerage in the courts of this state."

Section 1440 of the Act specifically provides for the licensing of non-resident brokers who are licensed brokers in another state as was the plaintiff in this case. To say that Section 1450, quoted above, does not apply to the non-resident broker who has failed to become licensed under the laws of Louisiana would be to accord such a non-resident broker greater rights under Louisiana law than are accorded residents of this State. Woods v. Interstate Realty Company, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524. As stated by the Supreme Court of Louisiana in Trentman Company v. Brown, 176 La. 854, 147 So. 14 (1933), when discussing this very statute:

"It further provides that anyone who has not been licensed in accordance with its provisions shall not be allowed to recover for any fee, claim or charge for brokerage in the courts of this state. The fact that the act prescribes a heavy penalty for any violation of its provisions does not detract from the force of its provisions That provision appears to us clear and unequivocal."

And, of course, the argument that the statute prohibiting suits for fees or commissions by unlicensed brokers "in the courts of this state" does not prohibit such a suit in a federal court where the requisite diversity exists is without merit. This argument was succinctly disposed of adversely to plaintiff's contentions by the United States Supreme Court in Woods v. Interstate Realty Company, supra.

The Louisiana Real Estate and Business Brokers Act does not prohibit or exclude any qualified person from doing business pursuant to the provisions thereof, and from having access to the Louisiana Courts for enforcement of their contracts and for collection of their fees and commissions. It merely requires compliance with the provisions of the act before access to the courts may be had in order to recover fees and commissions earned. Section 1459 of the Act lists certain exemptions from its provisions. Conspicuously absent from those exemptions is any reference to a non-resident broker, licensed under the laws of another state, but not licensed under the provisions of the Louisiana statute. If persons falling in this category were to be exempt, there would be no need for Section 1440, which provides for the licensing of non-resident brokers.

The law of Louisiana, by which in a diversity case such as this this Court is bound, is clear and unambiguous.

"No person, not licensed in accordance with the provisions of this Chapter, shall recover any fee, claim or charge for brokerage in the courts of this state."

There was nothing to prevent the plaintiff from complying with the very simple provisions of Section 1440. Had he done so, he would have had access to the courts of this state, and thus to the federal court sitting therein, for recovery of fees and commissions earned. Having failed to do so, he is now barred by LSA–R.S. 37:1450 from pursuing his claim in this Court.

For these reasons, defendants' motion for summary judgment on the grounds that the plaintiff's complaint fails to state a claim upon which relief can be granted must be granted, and plaintiff's suit thereby dismissed. Judgment will be entered accordingly.