SCHMIDT, Appellant v. EARL, Respondent

(158 N.W.2d 184)

(File No. 10372. Opinion filed April 16, 1968)

**Miller, Kaye & Hanson, Shandorf & Bleeker,** Mitchell, for plaintiff and appellant.

**Morgan & Fuller,** Mitchell, for defendant and respondent.

RENTTO, Judge.

This action was brought to recover a real estate broker's commission. The jury returned a verdict for the plaintiff. On defendant's motion for a judgment notwithstanding the verdict, the verdict was set aside and a judgment entered in favor of the defendant in accordance with his motion for a directed verdict. From this the plaintiff appeals.

Defendant was the owner of a well improved farm in Davison County, South Dakota, containing about a section of land. When he evidenced a desire to sell it for $96,000 a mutual friend who had resided in Iowa, suggested that he list the farm with plaintiff, a real estate broker in the city of Spirit Lake,

Iowa, licensed in that state, but not in South Dakota. Many of the plaintiff's claims are denied and disputed by the defendant. The jury by its verdict resolved these in favor of the plaintiff. In our review we must accept that version of the testimony which supports the verdict. Hullander v. McIntyre, 78 S.D. 453, 104 N.W.2d 40. When viewed in that light these are the basic facts.

The defendant listed his farm with the plaintiff who found and produced to the owner a purchaser from Ohio, ready, able and willing to purchase the same on the terms of the listing. He and his associate brought the prospective purchaser to the farm, and made a thorough investigation of it, but the defendant refused to complete the sale. About a week later these three returned again to the farm and spent considerable time looking it over. This time they did not see the defendant. A couple of months later plaintiff and his associate returned to the farm and tried to persuade the defendant to pay the commission which plaintiff claimed was due him. He refused to pay and claimed that he owed plaintiff nothing.

This was the only transaction in which plaintiff acted as a real estate broker in South Dakota.

In addition to denying the claims made by the plaintiff, defendant also urged that plaintiff is prevented from recovering any commission because he was not licensed as a real estate broker in South Dakota. Plaintiff seeks to avoid the bar of our statute on the grounds: (1) that this was a single isolated transaction and (2) he held a power of attorney from the owner. It is his claim that such circumstances exempt this transaction from the operation of our statute. In the posture in which the case is presented these are the questions which we must decide. Because of differences in statutory provisions decisions from other jurisdictions do not shed much light on our problems.

South Dakota had no statutory law regulating real estate brokers until Ch. 268, Laws of 1955 was enacted. It now appears as SDC 1960 Supp. Ch. 51.07A. So far as here material 51.07A05 provides:

"It shall be unlawful on and after January 1, 1956, for. any person, copartnership, association or corporation, to act as a real estate broker or real estate salesman, or to advertise or assume to act as such real estate broker or real estate salesman, without a license issued by the Real Estate Commission and no person, firm, copartnership, association or corporation shall be entitled to collect any fees, compensation or commission as a real estate broker or real estate salesman without having first complied with the provisions of this chapter."

In the next section 51.07A06, a real estate broker and a real estate salesman are defined thus:

"A real estate broker within the meaning of this chapter is any person, firm, partnership, copartnership, association or corporation, who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate, or of the improvements thereon for others, as a whole or partial vocation. * * *

"A real estate salesman within the meaning of this chapter is any person who for a compensation or valuable consideration is employed either directly or indirectly by a real estate broker, to sell or offer to sell, or to buy or offer to buy, or to negotiate the purchase or sale or exchange of real estate, or of the improvements thereon, as a whole or partial vocation."

It is to be observed from these definitions that both brokers and salesmen are persons engaged in the business of selling real estate for others. That section further provides that a single act or an isolated transaction shall not constitute the one performing it a real estate broker or salesman.

Exceptions to the statute are listed in 51.07A07. These concern transactions by persons not engaged in the business of selling real estate for others, such as an owner or a lessor and their employees, a resident lawyer, one holding a power of attorney, a fiduciary and public officers in the performance of their duties.

The power of attorney exception is limited to a person "holding in good faith a duly executed power of attorney from the owner, authorizing the final consummation and execution for the sale, purchase, leasing or exchange of real estate when such acts are not of a recurrent nature and done with the intention of evading this section". No exception is made of nonresident brokers licensed under the laws of another state.

However, SDC 1960 Supp. 51.07A10 does provide a simple procedure whereby brokers licensed in another state can become licensed in this state without taking an examination or maintaining an office here, provided the state in which they are licensed offers the same privileges to the licensed brokers of this state. See I.C.A. § 117.21, § 117.22, and § 117.23. The provisions of these sections are substantially the same as those contained in 51.07A10. One of these common provisions requires an irrevocable consent that the foreign broker can be sued in the courts of the state affording him reciprocity, and permitting service in such suits to be made on the real estate commission of that state.

It is well to look again at the definition of a real estate broker. SDC 1960 Supp. 51.07A06 says he is one "who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate   *   *   *   as a **whole or partial vocation."** Because of the emphasized phrase similar provisions have been construed to apply only to one engaging in the business, and not to a person involved in a single transaction. Knight v. Watson, 221 Ala. 69, 127 So. 841; Land Co. of Florida v. Fetty, 5 Cir., 15 F.2d 942. Thus our statute is one making it unlawful to engage in the business of selling real estate for others without a license and denies to those so engaged the right to collect any fee without first complying with our law. The last paragraph of this section concerning single acts or isolated transactions adds nothing to its definition of a real estate broker or salesman.

It is generally held that a license is not required of one engaged in another business who serves as a real estate broker on a single occasion, but not as a regular occupation. 12

C.J.S. Brokers § 67; Owens v. Capri, 65 Wyo. 325, 202 P.2d 174, 169 A.L.R. 783; Downing v. Marks, 318 Pa. 289, 178 A. 676; Schwartz v. Weiner, 94 Colo. 251, 30 P.2d 1110. He is not engaged in the real estate business as a "whole or partial vocation". Conversely the single transaction rule does not protect one who is engaged in the business as a "whole or partial vocation", regardless of where he is so engaged. Horwitz v. Food Town, Inc., D.C., 241 F. Supp. 1; William Coltin & Co. v. Manchester Savings Bank, 105 N.H. 254, 197 A.2d 208. As pointed out above, our statute does not make an exception of nonresident brokers, but it does specifically provide for their licensing. The record indicates no reason why plaintiff did not avail himself of the reciprocity provisions of our law which seem very simple.

In opposition to this view plaintiff directs our attention to Ressler v. Marks, 308 Pa. 205, 162 A. 666, 86 A.L.R. 638 and Boggan v. Clark, 141 Miss. 849, 105 So. 760. While these cases support his position the opinions do not indicate that their statutes make provision for the reciprocal licensing of nonresident brokers. The statutes involved in those cases are revenue measures while ours is not. A review of SDC 1960 Supp. Ch. 51.07A indicates clearly that the legislature intended it as a police regulation for the benefit and protection of the public against fraud and incompetence at the hands of unscrupulous brokers. In construing it we are duty bound to effectuate the revealed intention of the legislature. SDC 65.0202(1). We are not persuaded by these cases. A foreign broker, such as plaintiff, engaged in an isolated transaction in this state is not exempt from the provisions of our law.

■ This brings us to the contention that the power of attorney which plaintiff had from the owner, under the provisions of SDC 1960 Supp. 51.07A07(3), excepted this transaction from the requirements of our real estate broker's law. It is suggested that this exception may not be availed of by one who is engaged in the business of selling real estate for others. That conclusion is compelled by our analysis of the statute above set out. See also Trentman Co. v. Brown, 176 La. 854, 147 So. 14.

However, there is an additional reason why the plaintiff may not avail himself of this exception. The power of attorney which will except one from the requirements of the act must authorize "the final consummation and execution" of the sale. The power of attorney here involved in Exhibit 1 merely authorized plaintiff "to obtain a buyer for my farm". By Exhibit 2 plaintiff was appointed "exclusive agent to make sale of the real property" described therein, but it specifically provided that if the property were sold the owner would execute the deed of conveyance. These powers do not authorize the plaintiff to complete the sale of the property so as to come within the exception of our statute. Lewis v. Jones, 43 S.D. 282, 178 N.W. 1001; Trentman Co. v. Brown, supra.

Accordingly, the judgment entered notwithstanding the verdict is affirmed.

All the Judges concur.