**DUNHILL OF FARGO, INC., A Corporation, Plaintiff and Appellant,**

v.

**LAHMAN MANUFACTURING, CO., INC., Defendant and Appellee.**

No. 13493.

Supreme Court of South Dakota.

Considered on Briefs Jan. 21, 1982.

Decided March 31, 1982.

Richard J. Helsper and T. F. Martin of McCann, Martin & Mickelson, P. C., Brookings, for plaintiff and appellant.

Joe L. Maynes of Maynes, Tonner, Maynes & Tobin, Aberdeen, for defendant and appellee.

FOSHEIM, Justice.

Dunhill of Fargo, Inc., appellant, is an employment agency located in North Dakota. Dunhill sued Lahman Manufacturing Company, Inc., appellee, of Hecla, South Dakota for breach of contract. Dunhill alleged that by the terms of the contract it was to find Lahman a plant manager, who would work for Lahman at least 31 days, in return for a $4,200 fee to be paid by Lahman. Dunhill claims it fulfilled its end of the bargain but Lahman refused to pay the fee. Lahman moved for summary judgment based on Dunhill's failure to procure, pursuant to SDCL ch. 60–6A, a private employment agency license from the South Dakota Department of Labor. Lahman argued that this failure relieved it of liability for the fee. The trial court's memorandum decision was incorporated by reference into its summary judgment in favor of Lahman. The trial court decided that by the terms of SDCL 60–6A–3 [1] Dunhill was required to procure a South Dakota private employment agency license and that *Schmidt v. Earl*, 83 S.D. 245, 158 N.W.2d 184 (1968), prevents Dunhill from collecting its fee because of the failure to procure the license. We affirm.

In *Schmidt* we held that an out-of-state real estate broker, licensed out-of-state but not in South Dakota, could not collect a brokerage commission for the attempted sale of a farm in South Dakota since the broker had failed to obtain a broker's license in compliance with what is now SDCL ch. 36–21, the Real Estate Brokers and Salesmen Act. In *Schmidt* we had before us the question of whether a foreign

---

1. SDCL ch. 60–6A was repealed by SL 1981, ch. 367, §§ 1 to 4.

broker, admittedly engaged in the brokerage business as a full or part-time vocation and thus required to procure a broker's license, was nonetheless exempted from our licensing requirement because the broker had engaged in an isolated real estate transaction in this State. When *Schmidt* was decided the terms real estate broker and real estate salesman were defined in SDC 1960 Supp. 51.07A06 to include the following exemption.

A single act performed, or isolated transactions for a commission or valuable consideration in the buying or selling real estate of or for another, or offering for another to buy or sell, or exchange real estate, shall not constitute the person, firm, partnership, copartnership, association or corporation, performing, offering, or attempting to perform any of the acts enumerated herein, a real estate broker or a real estate salesman within the meaning of the chapter.

We rejected the broker's single transaction defense in *Schmidt*, saying that the exemption added nothing to the statutory definition of a broker. We held that if a person was a full or part-time broker the fact that he engaged in an isolated real estate transaction in South Dakota did not bring him within the statutory exemption.

Dunhill argues that it was excused from the licensing requirement because its dealing with Lahman was an isolated transaction in South Dakota. Dunhill's argument fails for two reasons. First, while the Real Estate Brokers and Salesmen Act contained an exemption for single transactions at the time *Schmidt* was decided, SDCL ch. 60–6A contains no such exemption. Second, even if SDCL ch. 60–6A did contain the exemption, the plain reading of *Schmidt* would prevent Dunhill from falling within the exemption as it appears undisputed that Dunhill is engaged in the full-time business of an employment agency.

Dunhill also argues that SDCL 60–6A is inapplicable to this case because that statute does not apply to employment agencies who obtain their commissions and fees from employers as opposed to employees. We find no merit in this argument. *See, e.g.,* SDCL 60–6A–11.

The general principles supporting our affirmance were cogently stated in *Conrad Seipp Brewing Co. v. Green*, 23 S.D. 619, 122 N.W. 662, 664 (1909) (citations omitted).

'Where a statute expressly provides that a violation thereof shall be a misdemeanor, a contract made in direct violation of the same is illegal, and there can be no recovery thereon, although such statute does not in express terms prohibit the contract or pronounce it void.'

*See: Johnson v. Berry*, 20 S.D. 133, 104 N.W. 1114 (1905); 51 Am.Jur.2d *Licenses and Permits* § 66 (1970).

SDCL ch. 60–6A expressly provides that violation of its provisions is a misdemeanor. SDCL 60–6A–14. SDCL 60–6A–3 states: "No person, firm, or corporation in this state shall open, operate, or maintain a private employment agency for hire or for help without first obtaining a license for the same from the department of labor[.]" We interpret this statute to apply to foreign and domestic employment agencies. Since Dunhill failed to procure a license pursuant to SDCL ch. 60–6A the contract is illegal and cannot be enforced.

DUNN, MORGAN and HENDERSON, JJ., concur.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

I would reverse the summary judgment entered in favor of appellee and remand the case to the circuit court for further proceedings.

A reading of SDCL ch. 60–6A, as it was in effect at all times material to this action, persuades me that that chapter was never intended to apply to a situation such as that presented in the instant case. Rather, it appears that it was the intention of the legislature that adopted the statutes comprising Chapter 60–6A (1919 S.D. Sess. Laws ch. 190) that the provisions thereof should apply only to those employment agencies which charge a would-be employee a fee for securing employment. For example, SDCL 60–6A–8 provided:

It shall be the duty of every licensed employment agency to keep a register in which shall be entered the name and sex of every person *for whom employment is secured, and the amount of fee charged* (emphasis added). . . .

SDCL 60–6A–10 provided:

Every licensed employment agency shall issue a receipt in triplicate *to each person securing employment or help showing the occupation, name, and address of the applicant, and the amount of the fee charged for procuring the position* (emphasis added) . . . .

SDCL 60–6A–11 provided:

The fee for procuring employment or help shall in all cases be clearly set out in the receipt as provided in § 60–6A–12 and shall be in no case of a larger amount than shall be scheduled by the department of labor. *The receipt shall plainly show the amount of the fee, all commissions and expenses or compensation whatsoever to such licensed agency for procuring employment or help. In case the party paying such fee fails to obtain the employment specified and such failure shall not be the fault of such applicant for employment, such licensed agency shall repay the same to such person upon demand being made therefor* (emphasis added).

Thus, it is quite clear to me that the legislature never intended that the strictures of these statutes should be applied to a situation in which an employer availed itself of the services of an employment agency such as appellant. As the Court of Appeals for the Eighth Circuit said in reaching a similar conclusion regarding the Minnesota statutes governing employment agencies, "It is difficult to reason that [employer] is of a class intended to be protected." *Telex Corporation v. Balch*, 382 F.2d 211, 219 (8th Cir. 1967). As stated by the Court of Appeals of Georgia with respect to the provisions of the Georgia statute governing private employment agencies, "The public policy behind the Act is the protection of ignorant job seekers from incompetent and unscrupulous employment agen-

cies." *Positions, Inc. v. Steel Deck & Siding Co.*, 138 Ga.App. 200, 225 S.E.2d 769, 770 (1976).

I would reverse and remand for further proceedings.